SAMUEL P. DAVIDSON, PLAINTIFF IN ERROR, v. JOHN A. COX, DEFENDANT IN ERROR.

**Conveyance:** COVENANT: INCUMBRANCE.  When· a covenant in a conveyance of real estate is broken the instant it is made, it does not run with the land.  The obligation is merely personal, and is limited to the parties to the covenant, and confers no right of action upon subsequent purchasers of the estate.  *Chapman v. Kimball*, 7 Neb., 399.

ERROR to Johnson county district court.  Action to recover damages for breach of the covenants of warranty in a deed.  Plaintiff alleged that on · the twenty-first day of April, 1876, defendant Cox conveyed the land described in the petition to one Richards, by a warranty deed, containing covenants of title, whereby said Cox covenanted with said Richards, "that he held said premises by a good and perfect title, that he had good right and lawful authority to sell and convey the same, that they were free and clear of all liens and incumbrances whatsoever, and that he would warrant and defend said premises against the lawful claims of all persons whomsoever;" that afterwards, to-wit: on the twenty-first day of April, 1876, said Richards conveyed and mortgaged to plaintiff David-

son said premises, by her mortgage deed of that date, given to secure the payment of one note, payable to said Davidson, of same date, for the sum of forty dollars, bearing twelve per cent interest from date, and providing for an attorney's fee of ten per cent, if collected by law. Said mortgage deed contained covenants of warranty, whereby said Richards covenanted with said Davidson, " that she then owned said premises in fee simple, and would warrant and defend the same against the claims of all persons whomsoever." Both said deed and said mortgage were duly delivered, and were duly filed and recorded on the twenty-second day of April, 1876. The petition further alleged that, notwithstanding the covenants of warranty in said deed and mortgage, there were upon and against said land, prior and superior to said deed from Cox to Richards, certain mortgages, given to secure large sums of money, to P. D. Cheney, and others ; and afterwards, on the sixteenth day of October, 1877, said mortgages were foreclosed, and said premises ordered to be sold, under decree of court, and proceeds applied in satisfaction of said prior mortgages first, and if any balance remained, it was to be applied in payment of the said mortgage debt due the plaintiff. And in said decree of foreclosure said mortgages to Cheney and others were declared to be prior, superior, and better than said mortgage to plaintiff; that afterwards, to-wit : on the seventh day of April, 1879, in pursuance of said decree, said premises were sold, and the entire proceeds of such sale were consumed in payment of said prior mortgages, and no part of same applied in payment of said plaintiff's mortgage, which still remains entirely unpaid ; that afterwards, at the April term, 1879, of said district court, said sale was confirmed, and sheriff ordered to make deed, conveying said premises to the purchaser ; and after-

wards, in pursuance of the order of said court, said purchaser received, and has ever since held possession of said premises; that plaintiff's security has entirely failed; that said Richards is insolvent, and the whole of said debt remains unpaid; and plaintiff asked judgment against Cox for forty dollars, and interest thereon from April 21, 1876, his damage sustained by reason of the breach of said covenants of warranty.

A demurrer to the petition was sustained by WEAVER, J., and plaintiff brings the cause here upon a petition in error.

*Davidson & Easterday*, for plaintiff in error.

This covenant, for whose breach this suit is brought, is the covenant of warranty, and not simply a covenant against incumbrances. The covenant against incumbrances is, from its very nature, broken as soon as made, if broken at all. And thereby it becomes a chose in action, and is not annexed to and does not run with the land. *Chapman v. Kimball*, 7 Nebraska, 403. But the covenant of warranty, or, to warrant and defend (Rawle on Cov. 217), is of a very different nature. In order to constitute a breach of this covenant there must be something tantamount to eviction of the tenant by some one having a better legal title. 3 Wasburn on Real Prop., 403, sec. 24, and 406, sec. 28. 2 Wait's Actions and Defenses, 393, 394. *Mills v. Rice*, 3 Neb., 85. *Lawrence v. Senter*, 4 Sneed (Tenn.), 52. *Claycomb v. Munger*, 51 Ill., 373. *White v. Whitney*, 3 Metcalf (Mass.), 81, 86. 4 Kent's Comm. (11th Ed.), 554, 555, 556.

2. A covenant for quiet enjoyment or of warranty is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of a paramount title. *Smith v. Shepard*, 15 Pickering,

147. *Funke v. Cresswell*, 5 Clarke (Iowa), 86. *Leary v. Durham*, 4 Georgia, 593. *Stewart v. Drake*, 4 Halsted (N. J.), 141. *Clarke v. Limberger*, 44 Indiana, 223. *McGary v. Hastings*, 39 California, 360.

*B. F. Perkins*, for defendant in error, cited *Chapman v. Kimball*, 7 Neb., 399. *Wade v. Comstock*, 11 Ohio State, 71.

COBB, J.

The same question involved in this case was presented to this court in the case of *Chapman v. Kimball*, 7 Neb., 399; was ably argued by eminent counsel on either side; and the court, as then constituted, was undivided in its views, which were afterwards embodied in the carefully prepared opinion by the present chief justice, which opinion was also examined and concurred in by the writer, who became a member of the court after the decision in said cause had been agreed upon, but before the opinion had been filed. The court in that case say: "Where a covenant is broken at the time of the execution of the deed it does not run with the land. The obligation is merely personal, and limited to the parties to the covenant, and confers no right of action on subsequent purchasers of the estate. * * * The contract is a present engagement that the grantor has an unincumbered title, and is not in the nature of a covenant of indemnity. The statute of limitations, therefore, commences to run at once upon the breach of the covenant."

Applying the above principles to the case at bar, it will readily be seen that although incumbrances on the land may have existed at the time of the conveyance from defendant in error to Mrs. Richards, that plaintiff acquired no right of action thereon by reason

of his mortgage from her, and the subsequent sale of the land, to satisfy the said incumbrances, and that consequently the demurrer was properly sustained.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.