JOHN W. KERN, PLAINTIFF IN ERROR, V. AUGUSTUS KLOKE ET AL., DEFENDANTS IN ERROR.

1. Statute of Limitations: DAMAGES FOR BREACH OF WARRANTY. An action for damages, for the breach of the covenants of warranty contained in a deed conveying land, is an action upon a specialty, within the meaning of the 10th section of the Code of Civil Procedure, and may be brought at any time within five years after the cause of action shall have accrued.

2. ——— : ———. Such action may be maintained by the direct covenantee irrespective of the question whether the covenant upon which it is brought would run with the land.

ERROR to the district court for Cuming county. Tried below before CRAWFORD, J.

*T. M. Franse,* for plaintiff in error.

*M. McLaughlin,* for defendants in error.

COBB, J.

The plaintiff commenced his action in the district court, filing the following petition:

34

must affirmatively appear to justify this court in revers-
ing a judgment, it will not be presumed.

"1.    The plaintiff complains of the defendant for that
on the 28th day of May, A.D. 1879, the defendant in con-
sideration of the sum of $250.00, then paid, delivered to
plaintiff a warranty deed, duly executed, and thereby sold
and conveyed to plaintiff the following described land, viz.:
The north-west quarter of section twenty, township twenty-
three north, of range four east, of the sixth principal
meridian, containing one hundred and sixty acres, in Cum-
ing county, Nebraska.

"2.    By said deed defendants covenanted as follows,
to-wit: 'And we, the said Augusta Kloke and Herman
Kloke, do hereby covenant with the said John W. Kern,
and his heirs and assigns, that we are lawfully seized of
said premises; that they are free from encumbrance; that
we have good right and lawful authority to sell the same,
and we do hereby covenant to warrant and defend the title
to said premises against the lawful claims of all persons
whomsoever.'

"3.    That afterwards, viz., on the 27th day of Novem-
ber, 1880, your plaintiff, by warranty deed, conveyed said
premises to one J. T. Hart, in consideration of the sum of
$250.00, by him in hand paid; that on or about the 21st
day of July, 1883, one Nathaniel Gordon commenced an
action in the district court of Cuming county, Nebraska,
to quiet the title of said premises against the grantee of
your plaintiff, J. T. Hart, and on the 8th day of March,
1884, recovered the judgment canceling the defendant's,
J. T. Hart, claim of title.

"4.    That on or about the 24th day of March, 1884,
the plaintiff satisfied the claims of his grantee, J. T. Hart,
on the warranty contained in his deed to said J. T. Hart
in full, as per the following receipt:

"WEST POINT, NEB., March 24th, 1884.

"Received of John W. Kern the following sums, viz:

| | | |
|---|---|---|
| Amount of purchase money | $250 | 00 |
| Interest on same from May 28th, 1879 | 123 | 00 |
| Taxes paid on same | 30 | 00 |
| Costs and expenses in defending title to lands | 150 | 00 |
| Value of said lands | 500 | 00 |
| | $1053 | 00 |

in full of all demands for a breach of warranty in a deed given by said John W. Kern to me on the north-west quarter of section twenty-three north, of range four, in Cuming county, Nebraska, having been evicted by paramount title after due course of law.

                                        "J. T. HART.

"5.   At the date of the execution and delivery of said deed by defendants to plaintiff, said defendants did not have a good and sufficient title to said premises, but, on the contrary, the paramount right and title to the same was in one Nathaniel Gordon, who has ousted and dispossessed and evicted J. T. Hart, the grantee of plaintiff, therefrom, by due course of law.

"6.  The defendant, J. T. Hart, gave due notice to said plaintiff of the filing and pendency of the action against him immediately after the commencement thereof; that plaintiff has sustained damages by reason of the premises, the sum of $1,053.00.

"Wherefore plaintiff prays judgment in his favor and against the defendant in the sum of $1,053.00, and costs of suit."

To which petition defendants presented the following demurrer:

"And now comes the defendants and demur to the petition of the plaintiff in the above action, and say: That the petition does not state facts sufficient to constitute a cause of action against said defendants, or either of them.

"2.    The plaintiff's said petition shows upon its face that the plaintiff's cause of action is barred by the statute of limitations."

The demurrer presents two questions:

1.    Do the facts alleged in the petition, if proved, under the law, entitle the plaintiff to a judgment?

2. .    Is the plaintiff's right of action barred by the statute of limitations?

The second question comes first in natural order, and will be first considered.

Section 10, of the Code of Civil Procedure, is in the the following words:

"Sec. 10.    Within five years, an action upon a specialty, or any agreement, contract, or promise in writing, or a foreign judgment."

This action is brought on a deed.   A deed is one of the instruments embraced within the meaning of the word "specialty," as used in the section quoted, and is therefore within the terms of the statute.    The deed was delivered according to the allegations of the petition, on the 28th day of May, 1879.    The action was commenced in the district court, on the 2d day of April, 1884, somewhat less than five years after the delivery of the deed.    It therefore becomes unnecessary to discuss or decide the question argued by counsel for plaintiff, as to whether the statute, in such cases, commences to run at the date of the delivery of the deed, or at the date of the breach of its covenants.

Upon the first point, counsel, in support of the demurrer, in the first place cites an authority to the effect that this being an action for the breach of a covenant of seizin, and the measure of damages being the amount of the consideration paid by the covenantee to the covenantor, and lawful interest thereon, if there was no consideration there could be no damage.   He then says, "subsequent facts appearing in the petition lead us strongly to believe that no consideration, in fact, ever passed between the plaintiff and the

defendant for this conveyance." By reference to the petition it will be seen that the allegation of the payment of the consideration of two hundred and fifty dollars for the land and the warranty of title thereto is as direct and positive as is required by our liberal system of pleading. Whether the allegation is true as a .matter of fact, is a question which does not arise upon the consideration of a demurrer.

In the case of *Real v. Hollister,* 20 Neb., 112, the suit was brought, not by the covenantee of the defendants, but by a subsequent .purchaser under covenants from him. It appeared affirmatively by the pleadings that the defendants had no title in the land. conveyed, and it did not appear that they had actual possession. We therefore held in that case that "the only covenant contained in the deed of plaintiffs in error (defendants) which can be deemed available to the defendant in error (plaintiff) is that contained in the following words ' they do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whomsoever.' " , Which words we held to be equivalent to a covenant for quiet enjoyment, and that in order to maintain an action for a breach of that covenant it was necessary to both allege and prove that the covenantee or those claiming under him have " been actually turned out of the premises by legal process based upon a title, or some right existing in another at the date of the covenant, or that such outstanding title having been asserted he has yielded to it and surrendered the possession thereto." In that case, as in this, there was a covenant of seizin in the deed, but we held that it was unavailable to the plaintiff, because the defendants having no title, their covenant of seizin did not run with the land into and through his immediate grantor. But in the case at bar, the covenant of seizin, under which the plaintiff claims, is made directly and personally to him, and hence the question as to whether it ran with the land upon his conveying it to

another, does not arise.   So far as I am able to see, or as is developed by the briefs and the authorities cited, the petition states a case upon which the plaintiff can recover. What may be the amount of such recovery, or as to the measure of damages, cannot be here discussed.

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

.THE other judges concur.