## PRENTISS D. CHENEY v. GUSTAVE H. STRAUBE.

### [FILED OCTOBER 26, 1892.]

1. **Covenant of Warranty:** ACTION FOR DAMAGES FOR BREACH: ATTACHMENT. The action of covenant was in form and substance *ex contractu*, and an action under the code by a covenantee for damage on account of the breach of a covenant of warranty, after eviction under a paramount title, is for a debt arising under a contract, which may be recovered by attachment.

2. ———: ———: PETITION: FAILURE TO ATTACH WRITTEN INSTRUMENT. An objection to a petition on the ground that an instrument on which the action is based, or a copy thereof, is not attached, should be made by motion before answer.

3. ———: ———: ———. In an action for the breach of a covenant of warranty by the covenantee after eviction under a paramount title, it is not necessary to set out the facts attending the eviction or particularly describe the adverse title. It is sufficient to allege in general terms an eviction under a title paramount to that of the covenantor.

4. ———: ———: WHEN ACTION ACCRUES. A cause of action on a covenant of warranty, or for a quiet enjoyment, does not accrue in favor of the covenantee until eviction or surrender by reason of a paramount title.

5. ———: ———: ———. A cause of action accrues to a covenantee on his covenant of warranty, or for quiet enjoyment, upon eviction by the purchaser under a prior mortgage.

6. ———: ———: Proof of Paramount Title. One who voluntarily surrenders to a third party asserting an adverse title, must, in an action against his covenantor for a breach of warranty, establish the validity of the title he has recognized.

7. ———: Breach: Measure of Damages. The measure of damages for the breach of a covenant of warranty, or for quiet enjoyment, is the consideration paid for the land, with interest, and the costs and expenses incurred in the suit by which the covenantee is evicted; and if the latter is obliged to purchase an outstanding title in order to protect his own, he may recover the amount paid for such paramount title, not exceeding the consideration paid by him.

Error to the district court for Johnson county. Tried below before Appelget, J.

L. C. Chapman, for plaintiff in error.

S. P. Davidson, and J. Hall Hitchcock, contra.

Post, J.

Judgment was rendered against 'the plaintiff in error in the district court of Johnson county in an action against him by the defendant in error on the covenants in a deed of conveyance executed by the former for certain lands in said county. The breach alleged, and for which a recovery was allowed by the district court, is that the plaintiff below was compelled to, and did surrender possession of the premises in question to a third party, the holder of a paramount title. The first error assigned is the overruling of a motion to discharge an attachment in the case. The ground assigned in the motion is that the defendant therein is a non-resident and that the action is not for the recovery of a debt or demand arising upon a contract, judgment, or decree. There is no error in the order complained of. A covenant is but a contract under seal (1 Rapalje and Lawrence Law Dic., 317), and the action of covenant was both in form and substance essentially ex contractu, and it requires no argument to prove that an action under the Code for the

breach of an undertaking in a deed to warrant and defend the title conveyed is for a debt arising upon a contract within the meaning of the statutes governing attachments. (See Wade on Attachment, secs. 12, 13.)

Second—Objection was made at the trial to the petition on the ground that it did not state a cause of action. The petition, after reciting the sale and conveyance by defendant below, is as follows: "That said deed contained provisions by which defendant covenanted with the plaintiff that he then held said land by good and perfect title, that he had good right and lawful authority to sell and convey the same, that said lands were clear and free from incumbrance, and that the defendant would warrant and defend the said premises and the title thereof against the lawful claims of all persons whomsoever; * * * that notwithstanding the delivery of the deed containing the said covenants as above mentioned, on the 29th day of March, 1890, plaintiff was compelled to surrender, and did surrender, said lands and the possession thereof to one Matthew Panko, the holder of the superior and paramount title thereto, which title of the said Panko was superior and paramount to that of said defendant and that conveyed by him to plaintiff," etc.

The first objection to the petition which we will notice is that the deed or copy thereof was not attached to the petition as provided by section 124 of the Code. This objection comes too late after answer. It should have been made by motion and not by demurrer to the petition. (*Ryan v. State Bank*, 10 Neb., 524.)

The second objection is that it does not appear from the allegations of the petition that the plaintiff below was evicted under a paramount title existing at the time of the conveyance of the land in question to him. The real contention on the part of the plaintiff in error is that it is necessary to set out the facts which it is claimed constitute an eviction. At common law, in an action of covenant

for a breach of warranty, it was sufficient to allege in gen-
eral terms an eviction under a paramount title (*Townsend*
*v. Morris,* 6 Cow. [N. Y.], 123; *Rickert v. Snyder,* 9 Wend.
[N. Y.], 416; *Day v. Chism,* 10 Wheat. [U. S.], 449; *Kel-
log v. Platt,* 33 N. J. Law, 328); and in a declaration on a
covenant for quiet enjoyment it was sufficient to allege an
entry by the grantor or his heirs without showing it to be
lawful or setting out his title. (*Sedgwick v. Hollenback,* 7
Johns. [N. Y.], 376.) And under the Code it is sufficient
to allege an eviction by the holder of a paramount title
without pleading the facts. (Maxwell, Code Pleading, 648;
Boone, Code Pleading, 245.)

Third—It is contended that the action is barred by the
statute of limitations. So far as the covenant against in-
cumbrance is concerned this position is sound. The mort-
gage in question was executed August 15, 1876, and the
deed to defendant in error August 19, 1881. His cause
of action on the covenant against incumbrance accrued,
therefore, more than five years previous to the commence-
ment of the action. (*Chapman v. Kimball,* 7 Neb., 399;
*Davidson v. Cox,* 10 Id., 150; *Kern v. Kloke,* 21 Id.,
529.) But in addition to the covenants of seizin and
against incumbrance the deed contained a general covenant
of warranty in the following language: "And I covenant
to warrant and defend the said premises against lawful
claims of all persons whomsoever." This covenant is
considered to be tantamount to that for quiet enjoyment
and what will amount to a breach of the latter is also a
breach of the former. (Devlin, Deeds, 932; *Real v. Hol-
lister,* 20 Neb., 114.)

That a cause of action on a covenant for warranty or
quiet enjoyment accrues to the covenantee upon his eviction
by legal process under a prior mortgage, is well settled in
this country. (*Stewart v. Drake,* 9 N. J. Law, 139; *Smith
v. Dixon,* 27 O. St., 471; *White v. Whitney,* 3 Met. [Mass.],
81; *Tufts v. Adams,* 8 Pick. [Mass.], 547; *Sprague v. Baker,*

17 Mass., 585; *Furnas v. Durgin,* 119 Id., 500.)  It is plain that the cause of action on the covenant of warranty did not accrue until defendant in error surrendered the premises to Panko, who purchased at sheriff's sale under the prior mortgage, and was therefore not barred by the statute of limitations.

Fourth—The next contention is, that there is no evidence that the mortgage in question was a valid lien upon the land.  The mortgage was executed by ——— Ogden, a remote grantor, to one Steele, and foreclosed in the district court of Johnson county.  Both parties hereto were made defendants in that action, and the plaintiff in error filed his separate answer, viz.: First, a general denial, and second payment in full.  He also joined in the appeal to this court from the decree of foreclosure (*Allendorph v. Ogden,* 28 Neb., 201), where the decree of the district court was affirmed.  The record of that case, which was introduced in evidence, conclusively establishes the validity of the mortgage, since that was the very question in issue in that suit.

Fifth—On the execution and delivery of the sheriff's deed to Panko, under the decree of foreclosure the latter demanded possession of the premises, whereupon defendant in error surrendered them to him.  He was not required to wait until dispossessed by legal process, but had a right to surrender to the purchaser under the mortgage.  At most, he assumed the burden of establishing the adverse title. (Devlin, Deeds, 925, 926; *Real v. Hollister, supra.*)

Sixth—Exception is taken to the instruction of the court upon the subject of the measure of damage as follows: "The court further instructs you as a matter of law, that the measure of damage in actions of this nature is the purchase price paid for the land in controversy, together with the interest on the same for five years last past, and for all improvements put upon the land by the

plaintiff, the value of such improvements to be computed at the time of the eviction." The measure of damage for the breach of a covenant of warranty or for quiet enjoyment is the consideration paid for the land, with interest thereon, and the costs and expenses incurred by the covenantee in the suit to evict him. And if he is obliged to purchase an outstanding title in order to protect his own, his damage is the amount paid for such title, with interest, not exceeding the consideration paid by him. Such is the rule generally accepted in this country. The cases in point are too numerous to cite in this opinion, but will be found by reference to the notes to the following textbooks: 4 Kent's Com., 474, 478; Devlin, Deeds, sec. 934; Rawle, Covenants for Title, ch. 9; 2 Sutherland, Damages, 280, 291.

The giving of the instructions set out was error for which the judgment of the district court must be reversed and a new trial allowed.

REVERSED AND REMANDED.

THE other judges concur.