RICHARD H. BELLAMY V. JONAS E. CHAMBERS.

FILED JANUARY 7, 1897.   No. 6932.

1. **Issues in Appellate Court.** "In an appeal from the county court to the district court, the cause must be tried on the same issues as were tried in the county court, unless some new matter has arisen since the trial there, such as payment, etc." (*Halbert v. Rosenbalm*, 49 Neb., 498.)

2. **Covenant Against Incumbrances:** LIMITATION OF ACTIONS. A covenant against incumbrances in a conveyance of land is, in effect, that the premises then are free from incumbrances; and if any incumbrances exist, the covenant is broken and a cause of action therefor accrues in favor of the covenantee, which will be barred by limitation in five years.

ERROR from the district court of Gosper county. Tried below before WELTY, J.  *Affirmed.*

*W. S. Morlan,* for plaintiff in error.

*W. B. Miller, contra.*

HARRISON, J.

On July 10, 1893, the plaintiff commenced this action in the county court of Gosper county to recover the sum of $29.91 and interest as prayed for in his bill of particulars. The cause of action was based upon a breach of covenant against incumbrances contained in a deed of a certain described tract of land, executed and delivered

by defendant to plaintiff, of 'date December 16, 1886, wherein there appeared a covenant by which it was warranted that, except a mortgage lien specifically stated, the premises conveyed were "free from incumbrance," etc. The breach was stated in the bill of particulars as follows: "Said premises were not free from incumbrance at the time of the execution of said deed, but were incumbered by the taxes which had been lawfully assessed against them for the year 1886, to the amount of $20 and accrued interest. The plaintiff was compelled to remove said incumbrance, and paid $29.91 to remove the same, of all which the defendant had due notice. Said sum was paid June 27, 1890." A trial in the county court resulted in a judgment favorable to defendant, from which an appeal to the district court was perfected on behalf of plaintiff. In the petition filed in the appellate court there appeared the following:

"The taxes assessed and levied against said land for the year 1886, amounting to the sum of $20, had not been paid, and at the time of said conveyance were a lien and incumbrance on said tract of land, and after the same became due, to-wit, about the 1st day of May, 1887, the plaintiff requested the defendant to pay the same and comply with the terms of covenants and warranty in said deed first mentioned; thereupon the defendant then requested the plaintiff to pay said taxes to the treasurer of Gosper county, Nebraska, and promised to repay the amount so to be advanced by this plaintiff necessary to pay said taxes and remove said incumbrance.

"4. In compliance with the said request of the defendant, and relying on the said promises of the said defendant, and for the purpose of preventing the said land from being conveyed by tax deed, this plaintiff, on the 27th day of June, 1890, paid to the treasurer of Gosper county, Nebraska, the delinquent taxes on the above described tract for the year 1886, which, with accrued interest, at that time amounted to the sum of $29.91, said amount then being the amount necessary to pay in order to dis-

charge said tract of land from the incumbrance thereon by reason of said taxes.

"5. No part of the said sum of money has been repaid by the defendant, and there is now due from the defendant to the plaintiff, for said taxes so paid, the sum of $29.91, with interest from the 27th day of June, 1890."

For the defendant there was presented the following motion: "Comes now the defendant in the above entitled cause, and moves the court for a rule on the plaintiff that he be made to strike out from his petition in this court, filed December 8, 1893, all that portion of allegation number three (3) commencing 'The plaintiff requested the defendant to pay the same and comply with the terms of covenants and warranty in said deed first mentioned; thereupon the defendant then requested the plaintiff to pay said taxes to the treasurer of Gosper county, Nebraska, and promised to repay the amount so to be advanced by this plaintiff necessary to pay said taxes and remove said incumbrance;' also to strike out therefrom all of allegation No. 4, reading as follows: 'In compliance with said request of the defendant, and relying on the said promises of said defendant;' and also that part of allegation No. 5, as follows, reading 'No part of the said sum of money has been repaid by the defendant,' for the reason that the issues in the court below, where this cause was tried, and from which it was appealed, did not include the matter set up in said petition, nor was the trial upon the said matter so set out, and the issues involved in said petition would not be the issues in the lower court, and the retaining of said matter would cause the raising of an entirely new issue in the case." This motion was sustained, and there was then filed a demurrer to the petition, which was also sustained, and the plaintiff having signified his intention to plead no further, his action was dismissed.

It is urged in this court, in error proceedings, that the district court erred in sustaining the motion for such action and striking out the portions of the petition. If

the matter which in effect was destroyed, or rendered of no avail by its removal from the petition, be viewed as an allegation of the right of action on the promise of defendant to reimburse the plaintiff for the payment of taxes assessed against the land prior to its conveyance, it was a change, or direct departure, from the cause of action, the breach of the covenant against incumbrances declared upon in the bill of particulars in the county court, in no sense identical therewith, and it was, therefore, proper to strike it out of the petition. (*Bishop v. Stevens*, 31 Neb., 786; *Halbert v. Rosenbalm*, 49 Neb., 498.) Conceding that it might be a promise to pay the debt, which had, at the time of the beginning of this action, become barred by the running of the statute of limitations, it could have been of no avail, because then, as to both the original cause of action and the subsequent promise relied upon, the statute had run. Viewed as an action predicated upon the covenant against incumbrances, the demurrer was well taken and the decision sustaining it was not erroneous. The defendant, the vendor of the land, was, on December 16, 1886, the date of his conveyance to the plaintiff, liable for the taxes assessed against the land for that year. (Compiled Statutes, 1895, ch. 77, sec. 44; *Campbell v. McClure*, 45 Neb., 609. See, also, *McClure v. Campbell*, 25 Neb., 57.) The taxes constituted a lien on the land. (Compiled Statutes, 1895, ch. 77, art. 1, sec. 138; *McClure v. Campbell, supra.*) In the decision of the case of *Chapman v. Kimball*, 7 Neb., 399, an action to recover the amount of taxes a lien on lands at the time of conveyance with covenant against incumbrances, it was said in the third paragraph of the syllabus: "A covenant against incumbrances is a present engagement that the grantor has an unincumbered title, and is not in the nature of a covenant of indemnity. The statute of limitations, therefore, commences to run at once if an incumbrance existed at the time of the conveyance." And in the body of the opinion it was stated: "The covenant against incumbrances is in the present

tense, 'that said premisés are free from incumbrance.'
If the taxes in question actually existed as a lien against
the land in question at the time of the conveyance, the
covenant was broken at that time and a cause of action
at once accrued in favor of the covenantee for his dam-
ages." (*Davidson v. Cox*, 10 Neb., 150; *Kern v. Klocke*, 21
Neb., 529; *Cheney v. Straube*, 35 Neb., 524.) Section 10
of the Code of Civil Procedure, in reference to time in
which actions can be brought, is as follows: "Within five
years, an action upon a specialty, or any agreement, con-
tract, or promise in writing, or foreign judgment." In
*Kern v. Klocke, supra*, it was held: "An action for dam-
ages for the breach of the covenants of warranty con-
tained in a deed conveying land is an action upon a
specialty within the meaning of the tenth section of the
Code of Civil Procedure, and may be brought at any time
within five years after the cause of action shall have
accrued." It follows from the views hereinbefore ex-
pressed that the judgment of the district court was right
and will be

AFFIRMED.