ALEX A. CAMPBELL ET AL., GUARDIANS, APPELLEES, V.
DANIEL T. GALLENTINE, APPELLANT.

FILED JULY 16, 1927. No. 24922.

1. **Deeds:** COVENANT OF WARRANTY: BREACH. A covenant of war-
ranty in a deed of conveyance, reading as follows: "That we
do hereby covenant to warrant and defend the title to said prem-
ises against the lawful claims of all persons whatsoever," is
one equivalent to quiet enjoyment, runs with the land, and is
not breached until eviction either actual or constructive.

2. ——: ——: ——: MEASURE OF DAMAGES. The meas-
ure of damages for breach of covenant of warranty resulting in
a total loss of the estate conveyed is the value of the land at
time of conveyance estimated by the purchase price, with interest.

3. ——: ——: ——: ——. "Where the covenant is
for a fee, and a life estate only passed by the deed, the dam-
ages are the consideration money less the value of the life es-
tate." 15 C. J. 1321, sec. 224.

4. **Limitation of Actions.** An action for damages, based on the
breach of covenants in a warranty deed, is one upon a specialty,
and under section 8510, Comp. St. 1922, is barred if not com-
menced within five years from date of such breach, unless
other facts suspend the running of the statute.

5. **Evidence** examined, and found sufficient to support a construc-
tive eviction.

APPEAL from the district court for Hamilton county:
LOVEL S. HASTINGS, JUDGE. *Reversed.*

*J. H. Grosvenor* and *Horth, Cleary & Suhr,* for appellant.

*Hainer, Craft, Edgerton & Frazier, contra.*

Heard before GOSS, C. J., ROSE, DAY, THOMPSON and
EBERLY, JJ., LESLIE and SHEPHERD, District Judges.

THOMPSON, J.

The appellees, hereinafter called plaintiffs, as guardians
for Samuel Campbell, instituted this action in the district
court for Hamilton county to recover $10,057.12 as dam-
ages for an alleged breach of the covenants in a warranty
deed, dated May 5, 1902, covering an 80-acre tract, based
on a consideration of $2,800 paid by Campbell to appellant,
hereinafter called defendant, on such date, at which time

possession by the latter was surrendered to the former. The case was tried to a jury, verdict and judgment for plaintiffs for $2,800 with interest from March 12, 1910, the date when Campbell was, in order to protect his title and possession, compelled to and did purchase of those holding a superior title their interests in such land, which holding was of and prior to May 5, 1902. Defendant appeals. The errors relied on for reversal will be indicated as herein considered.

The record reflects the following facts: That on and prior to March 15, 1890, William W. Lewis was the owner of the land, the title to which is in dispute; that on such date he died intestate, a resident of Hamilton county, leaving surviving him, as his sole and only heirs at law, his widow, Jennie P. Lewis, and five minor children; that immediately thereafter due administration of his estate was had in the county court of such county, at which time it was by it determined, under what was known as the Baker decedent act, to wit, chapter 57, Laws 1889, that such lands were the homestead of such widow, and as such descended to her in fee, and that there were no outstanding debts; that on appeal to the district court the finding of the county court was affirmed; that on October 8, 1891, the widow married the defendant, who at once became a member of such household, and shortly thereafter his wife sold and conveyed the land to him by quitclaim deed, and he thereby became the owner and possessed of her entire right, title and interest in and to the land, including that of possession, dower and homestead; that defendant and family continued to reside upon such tract and make their home thereon until May 5, 1902, when, upon a sufficient consideration, defendant, his wife joining, sold and conveyed the tract by the warranty deed in question to Samuel Campbell, and surrendered possession thereof to him; that in June, 1893, in *Trumble v. Trumble*, 37 Neb. 340, the Baker decedent act was held to be unconstitutional and void, and thus, under this record, on the death of Lewis, his property descended as per the statute sought to be amended and repealed by

such Baker decedent act, to wit, the homestead, not exceeding 160 acres, to the widow for life, and upon her death to the children in fee, share and share alike, also the widow became possessed of, as dower, a life interest in one-third of all the real estate of which the husband died seised; that such Campbell has improved the premises, and held the exclusive possession thereof ever since, save as qualified by the constructive eviction hereinafter referred to; that on or about March 12, 1910, when and after the children of Lewis had for two years been asserting their ownership to the fee title of such tract, subject, however, to the afore-mentioned homestead and dower interest of their mother, which they each conceded and do now, it was conveyed by the deed in question, a contract was entered into between such children and Campbell and his guardian, by the terms of which Campbell was compelled to and did recognize the superior title to the land held by the children, and did, in order to protect his title, purchase of them their respective interests therein, paying therefor the sum of $3,710; that Campbell thereby became possessed of the fee title to, and undisputed possession of, the property; that on the 23d day of January, 1922, this action was instituted by Campbell, through his guardians, as hereinbefore indicated.

The only clause contained in the covenant of the deed material for our consideration, as well stated by defendant in his brief, is: "That we do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons whatsoever." We will first consider the legal effect of such a warranty.

In *Cheney v. Straube,* 35 Neb. 521, we considered the covenant, "And I covenant to warrant and defend the said premises against lawful claims of all persons whomsoever," and held: "This covenant is considered to be tantamount to that for quiet enjoyment and what will amount to a breach of the latter is also a breach of the former." That is, that which breaches the right to quiet enjoyment breaches the covenant above quoted.

In *Webb v. Wheeler,* 80 Neb. 438, in construing a covenant identical in terms with the one here being considered, we said: "The last promise is undoubtedly the form of covenant in the cases of *Real v. Hollister,* 20 Neb. 112, *Hampton v. Webster,* 56 Neb. 628, and *Troxell v. Stevens,* 57 Neb. 329. Such a covenant is not broken until the covenantor fails to defend the premises against the lawful claims of other persons, and there is some reason for saying, as was said by Judge Cobb in *Real v. Hollister, supra,* that such a covenant is construed to be a covenant for quiet enjoyment."

The note under *Webb v. Wheeler,* 80 Neb. 438, as reported in 17 L. R. A. n. s. 1178, is very comprehensive, and many of the questions involved in the instant case are discussed and authorities cited.

We further held in *Troxell v. Stevens,* 57 Neb. 329, in substance, that such a covenant was one not broken when made, but passed with the title; that is, it is one which runs with the land.

In *Cheney v. Straube, supra,* we further held: "A cause of action on a covenant of warranty, or for a quiet enjoyment, does not accrue in favor of the covenantee until eviction or surrender by reason of a paramount title." And: "One who voluntarily surrenders to a third party asserting an adverse title must, in an action against his covenantor for a breach of warranty, establish the validity of the title he has recognized."

The reason that the cause of action does not accrue before eviction, where the covenant of warranty is as to quiet enjoyment of the premises, is that "the grantee may never be dispossessed, and possession may ripen into a perfect title" before a superior title is asserted. *Troxell v. Stevens, supra.* Hence, we conclude that the warranty in question is one which was equivalent to that of quiet enjoyment, that it ran with the land, and that a cause of action did not arise until eviction.

This brings us to the question of whether or not the evidence in this case supports the plea of eviction. Applying

the law to the foregoing facts, we must conclude that Campbell was clearly within his rights in purchasing the title possessed by the Lewis heirs, and that while in so doing he was not and had not been actually evicted from the land, such challenge by the heirs to Campbell's title, and his purchase of the outstanding title, was in effect an eviction, and that sufficient to form a basis for this action, as an eviction may be either actual or constructive. *Cummins v. Kennedy,* 3 Litt. (Ky.) 118, 14 Am. Dec. 53, and note; 7 R. C. L. 1149, sec. 62, and cases cited. We are not unmindful that in *Troxell v. Stevens, supra,* we held: "An action cannot be maintained on a covenant of warranty of title, where it appears there has been no actual eviction or surrender of possession of the granted premises by reason of a paramount title." However, it must be remembered that in the course of the opinion in the *Troxell* case, we used the following language at page 336: "Had the owner of the Englebert title elected to accept the value of the land as found by the appraisers and approved by the court, and Stevens had paid the same, then these might be ground for an argument that there had been a technical eviction by the paramount title, although he remained in the physical possession of the premises." Thus, a technical or constructive eviction was even in that case recognized as being the equivalent of an actual eviction.

As to the measure of damages, it is well stated in 15 C. J. 1318, sec. 223: "As a general rule the measure of damages for a breach of the usual covenants of title resulting in a total loss of the estate conveyed is the purchase money paid, or the value of the consideration with interest thereon from the time of the conveyance, or as otherwise stated in some cases the value of the land at the time of the conveyance estimated by the purchase price." The rule thus announced is in harmony with our holding in *Cheney v. Straube, supra.* However, as Campbell obtained from the defendant, by virtue of his original purchase, the right to the possession, use, and usufruct of the land of and during the natural life of the widow of Lewis, and had so used

and operated such land, there should be deducted from the amount of such recovery the value of that which he actually obtained from defendant, to wit, the life interest and use held by Mrs. Gallentine, and by her transferred to her husband, and by her husband transferred to Campbell, ascertained as of the date of May 5, 1902, and applied as of the date of the purchase of the outstanding title, to wit, March 12, 1910; and the plaintiffs' recovery is the remainder with 7 per cent. interest thereon from the last-named date to the date of judgment; for, as stated in 11 Cyc. 1163: "Where the breach is only as to an aliquot and undivided part of the land attempted to be conveyed, the damages are in proportion to the whole consideration paid as that aliquot part of the land is to the whole thereof." While this rule is applied to parts of a whole tract, we can see no good reason why it should not with equal force apply to the aliquot parts of the title to the tract. In this conclusion we are supported by 15 C. J. 1321, sec. 224, wherein it is stated: "Where the covenant is for a fee, and a life estate only passed by the deed, the damages are the consideration money less the value of the life estate."

As to instruction No. 5, complained of by defendant, an action for damages, based on the breach of covenants in a warranty deed, is one upon a specialty, and under section 8510, Comp. St. 1922, is barred if not commenced within five years from the date of such breach, unless other facts suspend the running of the statute. As heretofore indicated, this cause of action arose March 12, 1910, and the present action was instituted January 23, 1922; thus, more than ten years had elapsed from the time the cause of action arose to the bringing of this action. To overcome such plea on the part of the defense, it is claimed by the plaintiffs that all during such interim their ward, Samuel Campbell, was mentally incompetent, hence the statute of limitations did not run. This question was submitted to the jury under proper instructions, and on competent evidence acutely conflicting, and their finding being in favor of plaintiffs, the same will not be disturbed on appeal, under

our repeated holdings. Hence, the giving of such instruction was not error.

Defendant further insists that the court erred in giving instruction No. 12, on its own motion, as to the measure of damages. This instruction is as follows: "You are instructed that, if you find from the evidence and these instructions for the plaintiffs, then in that case the plaintiffs would be entitled to damages in the sum of $2,800 with interest thereon at 7 per cent. per annum from March 12, 1910, to this 20th day of November, 1924, amounting in all to the sum of $5,679.94, and this amount you will so assess as the amount of plaintiffs' recovery herein." As the court failed to permit the jury to consider and determine the value of the life estate of the widow, Mrs. Lewis, now the wife of the defendant, and deduct the amount so found by them from the $2,800, original purchase price of such land, the error thus committed was of such a prejudicial nature as to require a reversal of the judgment rendered.

The conclusions herein reached render it unnecessary for us to consider other alleged errors presented.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.