OMEGA CHEMICAL COMPANY, INC., APPELLANT, V. WILMA C. ROGERS, APPELLEE.

524 N.W.2d 330

Filed December 2, 1994.   No. S-93-269.

Duane M. Katz for appellant.

James D. Buser, of Gaines, Mullen, Pansing & Hogan, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

FAHRNBRUCH, J.

Omega Chemical Company, Inc. (Omega), appeals a district court's dismissal of its action for damages against Wilma C. Rogers for her failure to defend the title to property Omega had

purchased from Rogers and her late husband, Franklin P. Rogers.

We affirm the action of the district court for Douglas County in entering summary judgment in favor of Rogers and in dismissing Omega's claim.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such a party the benefit of all reasonable inferences deducible from the evidence. *LaBenz Trucking v. Snyder, ante* p. 468, 519 N.W.2d 259 (1994); *Barta v. Kindschuh, ante* p. 208, 518 N.W.2d 98 (1994). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts, and that the moving party is entitled to judgment as a matter of law. *Id.*

## FACTS

Giving Omega the benefit of all reasonable inferences deducible from the evidence, we find the facts of this case are as follows:

On September 16, 1985, the Rogerses sold a parcel of land located in Ralston to Omega, a Nebraska corporation. The deed conveying title to Omega and executed by "Franklin P. Rogers and Wilma C. Rogers, husband and wife," states in part:

And the grantor does hereby covenant with the grantee and with the grantee's heirs and assigns that grantor is lawfully seised of said premises; that they are free from encumbrance except easements and protective covenants of record[;] that grantor has good right and lawful authority to convey the same; and that grantor warrants and will defend the title to said premises against the lawful claims of all persons whomsoever.

In 1989, while doing construction, Omega discovered a sewerline, not of record, running across the property in a north-south direction. Upon investigation, Omega believed

that a neighboring company, Flexible Foam Products, Inc. (Flexible Foam), had an interest in the sewerline. The neighboring property was owned at least in part by the Eli Zalkin Testamentary Trust (Zalkin Trust).

A representative of Flexible Foam, who was also a trustee of the Zalkin Trust, informed Omega that Flexible Foam was the user of the sewerline, but that the sewerline was owned and operated by the City of Ralston (City). Omega then requested that the City remove the sewerline. The City ultimately informed Omega that the sewerline was a private one which was not owned or maintained by the City, and refused Omega's request.

On June 27, 1991, Omega made a demand that Wilma Rogers defend the title to the property, which Rogers refused to do. On July 3, Omega sued Rogers for damages for the "diminished value of said property by reason of said sewer line." Omega alleged that the sewerline constituted an encumbrance and cloud upon the property, contrary to the warranty provided by "the Franklin P. Rogers [sic]," and that the sewerline damaged and would continue to damage the property if not removed. Omega also filed in the county court for Douglas County an application to file a late claim against the estate of Franklin Rogers, then deceased. Although the record does not reflect the county court's ruling on the application, we assume that the application was overruled, there being no indication in the record presented us that the estate of Franklin Rogers was ever a party to the present lawsuit.

On October 10, Rogers answered, admitting that a demand had been made upon her to defend the title and that she had refused such demand, and generally denying the remaining allegations of Omega's petition. Rogers also affirmatively alleged that Omega's claim for breach of warranty against encumbrances was barred by the applicable statute of limitations; that the sewerline was not within the scope of the warranty against encumbrances; and that she did not, at any time material, have knowledge of the alleged encumbrance.

On October 23, Omega filed an equity action to quiet title naming Flexible Foam, the Zalkin Trust, the City, and others as

defendants. The Zalkin Trust then asserted a counterclaim on the basis that it had acquired an easement by prescription. On January 11, Rogers filed a motion for summary judgment in Omega's law action, and on January 21, Omega filed a motion for partial summary judgment. On January 28, 1993, Flexible Foam, the Zalkin Trust, and other related entities filed disclaimers of all right, title, interest, or possession in or to the real property described in Omega's petition to quiet title.

On February 9, 1993, after a hearing in which the court took judicial notice of the quiet title action, the district court entered summary judgment in favor of Rogers and dismissed Omega's law action against Rogers for damages.

In so doing, the court noted that Omega had admitted, in response to a request for admissions by Rogers, that no person or entity had been deemed by any court to have established in any way an easement or other right to construct or maintain the sewerline, that the City had denied any interest in the sewerline, and that no person or entity had any right to construct or maintain the sewerline.

The district court further stated that, "[t]here being no . . . claim which might impair the title or right of use of the property by [Omega], the presence of the pipeline . . . may constitute a trespass, but does not constitute a breach of warranty against encumbrance as alleged by [Omega]."

Omega timely appealed to the Nebraska Court of Appeals. The case was removed from the Court of Appeals to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Omega contends that the district court erred in (1) finding and holding that there was no claim, lien, charge, security interest, easement, right of way, or any other claim which might impair the title or right of use of the property by Omega; (2) failing to find that persons had made claim against the subject property by virtue of the presence of the sewerline and by allegations in a counterclaim in Omega's quiet title action that the sewer was lawfully on the property; (3) sustaining Rogers' motion for summary judgment; and (4) overruling Omega's

motion for partial summary judgment.

## ANALYSIS

We first determine whether the district court erred in sustaining Rogers' motion for summary judgment, as that issue is dispositive of this appeal.

Omega's law action requesting damages for the presence of the unrecorded sewerline, which Omega refers to in its petition as an "encumbrance" upon the subject property, may be characterized as a suit for breach of the covenants of title contained in the warranty deed conveying the property from the Rogerses to Omega.

The warranty deed has its origins in the English common law. 6A Richard R. Powell, The Law of Real Property ¶ 897[1][b] (1993). However, the notion of common-law warranty was never a part of the law in this country, and the law of personal covenants developed in order to protect the purchaser of real property. *Id*.

"The personal covenants of title can take six separate forms. These are the covenants of (1) seisin, (2) right to convey, (3) freedom from encumbrances, (4) warranty, (5) quiet enjoyment, and (6) further assurances. . . . A deed might contain any one or more of the above covenants." *Id*., ¶ 900[1] at 81A-130.

The deed conveying the subject property from the Rogerses to Omega contained the covenants of seisin, right to convey, freedom from encumbrances, and warranty. The covenants of seisin and right to convey assure the grantee that the grantor, at the time of the conveyance, was seised of the land and had the right to convey the land, respectively. 6A Powell, *supra*, ¶ 897[1][b]. Omega does not allege in its petition that Rogers is in breach of these two covenants of title. Neither does Omega allege that Rogers is in breach of the covenant of further assurances. That covenant is one by which the grantor guarantees that he or she will do further acts necessary to assure title. *Id*., ¶ 900[2][f].

A covenant against encumbrances promises the grantee that no encumbrances, liens, or servitudes exist against the land as of the date of the conveyance. *Id*., ¶ 897[1][b]. An

encumbrance, within the meaning of a covenant against encumbrances, is "every right to, or interest in, the land, to the diminution in value of the estate, but consistent with the passage of the fee by the conveyance." *Chapman v. Kimball*, 7 Neb. 399, 403 (1878). Accord, *Hartman v. Drake*, 166 Neb. 87, 87 N.W.2d 895 (1958); *Albin v. Parmele*, 73 Neb. 663, 103 N.W. 304 (1905).

Omega, in its petition, characterized the sewerline as an encumbrance on the property contrary to the warranty provided by the Rogerses. Rogers affirmatively alleged in her answer, and now argues on appeal, that any claim by Omega for breach of the covenant against encumbrances is barred by the applicable statute of limitations.

Neb. Rev. Stat. § 25-205(1) (Reissue 1989) provides that "an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment, can only be brought within five years." This court has long held that an action for damages for breach of a covenant of warranty contained in a deed conveying land is an action upon a specialty and must be brought within 5 years after the cause of action accrues. *Cape Co. v. Wiebe*, 196 Neb. 204, 241 N.W.2d 830 (1976); *Campbell v. Gallentine*, 115 Neb. 789, 215 N.W. 111 (1927); *Bellamy v. Chambers*, 50 Neb. 146, 69 N.W. 770 (1897); *Kern v. Kloke*, 21 Neb. 529, 32 N.W. 574 (1887). This rule applies in actions for damages for breach of a covenant against encumbrances. See, e.g., *Cape Co. v. Wiebe, supra*; *Johnson v. Hesser*, 61 Neb. 631, 85 N.W. 894 (1901); *Bellamy v. Chambers, supra*.

A covenant against encumbrances is broken when made if an encumbrance exists, and the grantee's right of action against the grantor accrues at once thereon. *Schuler-Olsen Ranches, Inc. v. Garvin*, 197 Neb. 746, 250 N.W.2d 906 (1977); *Cape Co. v. Wiebe, supra*. See, also, *Chapman v. Kimball*, 7 Neb. at 404 (holding that a covenant against encumbrances is "a present engagement that the grantor has an unencumbered title, and is not in the nature of a covenant of indemnity. The statute of limitations, therefore, commences to run at once upon the breach of the covenant").

Neither of the parties disputes that the sewerline was in existence at the time of the conveyance. Thus, Omega's cause of

action for breach of the covenant against encumbrances accrued on September 16, 1985, the date that the Rogerses conveyed the subject property to Omega by warranty deed. Omega filed suit against Rogers on July 3, 1991, more than 5 years after its cause of action accrued.

Therefore, there was no genuine issue of material fact before the trial court on any cause of action arising from breach of the covenant against encumbrances. "When an encumbrance has been barred by the passage of the statute of limitations . . . there is no violation of the covenant." 6A Richard R. Powell, The Law of Real Property ¶ 900[2][c] at 81A-138 (1993). Assuming, without deciding, that the sewerline constitutes an encumbrance upon the subject property, we hold that any claim against Rogers arising from an alleged breach of the covenant against encumbrances is time barred by § 25-205(1).

We next determine if there exist any genuine issues of material fact as to whether Rogers breached the covenants of warranty and quiet enjoyment contained in the warranty deed. A covenant of warranty has been considered by this court to be tantamount to a covenant for quiet enjoyment, with the breach of the latter also being a breach of the former. See, *Campbell v. Gallentine, supra*; *Cheney v. Straube*, 35 Neb. 521, 53 N.W. 479 (1892). For purposes of analysis, we will consider these two covenants together.

In contrast to a breach of a covenant against encumbrances, a cause of action on a covenant of warranty or for quiet enjoyment does not accrue in favor of the covenantee until eviction or surrender by reason of a paramount title. See, *Hooker and Heft v. Estate of Weinberger*, 203 Neb. 674, 279 N.W.2d 849 (1979); *Campbell v. Gallentine, supra*; *Cheney v. Straube, supra*. See, also, Neb. Rev. Stat. § 76-207 (Reissue 1990) ("[c]ovenants of quiet enjoyment and covenants of warranty in conveyances of real property may be breached by an eviction, actual or constructive, by reason of the hostile assertion of a paramount title holder"). Thus, we must inquire whether Omega has been evicted by, or surrendered the property to, a paramount titleholder.

"A paramount title is one which prevails in an action or is successfully asserted. . . . [A] covenant of warranty is not

violated by the existence of an outstanding, but unfounded, claim upon the property." *Eggers v. Mitchem*, 240 Iowa 1199, 1202, 38 N.W.2d 591, 592 (1949). See, also, *A. C. Drinkwater, Jr., F., Inc. v. Ellot H. Raffety F., Inc.*, 495 S.W.2d 450 (Mo. App. 1973).

Omega's responses to Rogers' requests for admissions prove fatal to Omega's case:

REQUEST NO. 2. No person or entity has been granted, either expressly or impliedly, an easement, license, or any other property right to construct and/or maintain the sewer pipeline alleged in . . . [Omega's] Petition.

ANSWER NO. 2. Admitted.

REQUEST NO. 3. No person or entity has been deemed by any court of competent jurisdiction to have established by prescription, necessity, or otherwise, an easement, license, or other right to construct or maintain the sewer pipeline alleged in . . . [Omega's] Petition.

ANSWER NO. 3. Admitted.

REQUEST NO. 4. The City of Ralston has denied any interest in the sewer pipeline alleged in . . . [Omega's] Petition.

ANSWER NO. 4. Admitted.

REQUEST NO. 5. No person or entity has any right, legal, equitable, prescriptive, or by necessity to construct or maintain the sewer pipeline alleged in . . . [Omega's] Petition.

ANSWER NO. 5. Admitted.

Requests for admissions are governed by Neb. Ct. R. of Discovery 36 (rev. 1992). Subsection (b) of that rule states in part: "Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission." (Emphasis supplied.) See, also, *NI Indus. v. Husker-Hawkeye Distributing*, 233 Neb. 808, 448 N.W.2d 157 (1989) (holding that admissions that a party has not sought to withdraw or amend conclusively establish the matter admitted). There is no indication in the record that Omega ever sought to withdraw or amend its admissions. Omega's own admissions conclusively establish that there has been no hostile

assertion by a paramount titleholder as to the subject property.

Omega attempts to argue that, although Flexible Foam, the Zalkin Trust, and others *now* disclaim interest in the property, Flexible Foam had *initially* claimed an interest, and that Rogers, having agreed to defend the title, was obligated to obtain a determination that the sewerline was not rightfully on the property, rather than Omega's being put to the expense of litigating the quiet title action.

However, the Rogerses, in the warranty deed conveying the property to Omega, covenanted that they would "defend the title to said premises against the *lawful* claims of all persons whomsoever." (Emphasis supplied.) Because Omega has admitted that no one has a lawful claim against the property, Rogers had no duty to defend the title. Moreover, a grantee that has succeeded in establishing its title against one without a valid claim to the premises may not recover from a grantor the expenses of the lawsuit, because the adverse claim of the third party does not constitute a breach of the covenants by the grantor. See, e.g., *A. C. Drinkwater, Jr., F., Inc. v. Ellot H. Raffety F., Inc., supra.* Cf. *Chaney v. Haeder*, 90 Or. App. 321, 752 P.2d 854 (1988) (holding that warranty deed statute requires grantor to indemnify grantee for costs if grantee, in good faith, unsuccessfully defends title, but that the covenant does not extend to adverse claims that are without legal foundation).

Inasmuch as Omega has admitted that no person or entity has a legal right to construct or maintain the sewerline, Rogers has no duty to either defend or indemnify Omega for the costs of the quiet title action, and the trial court correctly sustained Rogers' motion for summary judgment.

There being no genuine issue of fact as to whether there was a valid claim by a paramount titleholder to the subject property, a material fact, there can be no breach of the covenants of warranty or quiet enjoyment as a matter of law. Because this issue is dispositive of the appeal, it is not necessary for us to consider Omega's remaining assignments of error.

## CONCLUSION

There being no genuine issues of material fact, and Rogers being entitled to summary judgment as a matter of law, the

district court's order sustaining Rogers' summary judgment motion and dismissing Omega's petition is affirmed.

AFFIRMED.