SYLVESTER JOHNSON V. CHARLES S. HESSER.

FILED APRIL 10, 1901.        No. 11,811.

1. **Breach of Covenant: CONFESSION AND AVOIDANCE.** In an action to recover damages for breach of a covenant against incumbrances a statement in the answer to the effect that the plaintiff had retained out of the money due to the defendant a certain sum in settlement and full payment of the incumbrance discharged by the plaintiff is a plea of confession and avoidance.

2. ——: ——: **ADMISSION.** Such plea is an implied admission of the existence and validity of the incumbrance.

3. ——: **STIPULATION: ADMISSION.** On the trial of an action grounded on an alleged breach of a covenant against incumbrances a stipulation to the effect that the plaintiff had paid a certain sum to redeem the land from a tax lien, is an admission of the existence and validity of such lien.

4. **Evidence: VERDICT.** Evidence examined, and found to support the verdict.

5. **Statute of Sister State: PROOF: "HUBBELL'S LEGAL DIRECTORY": EXPERT WITNESS.** The written laws of a sister state can not be proved either by "Hubbell's Legal Directory" or the testimony of an expert witness.

6. **Twin Judgments: EXPUNGING ORDER AT SUBSEQUENT TERM.** Where two judgments of the same purport are rendered in the same case at the same term, an order of the court, made at a subsequent term, in the exercise of lawful jurisdiction, expunging the first judgment will bind the parties until set aside in a direct proceeding instituted for that purpose.

7. ———: **MERGER.** Where two judgments of the same purport are rendered in the same case at the same term of court, it will be presumed that the first judgment merged in the second or was constructively vacated by it.

8. ———: **RES ADJUDICATA.** And in such case the first judgment will not sustain a plea of *res adjudicata*.

9. **Action on a Covenant: WRITTEN CONTRACT: STATUTE.** An action on a covenant against incumbrances contained in a deed conveying real estate in Colorado is an action on a written contract, within the meaning of section 10 of the limitation law of this state.

ERROR from the district court for York county. Tried below before SEDGWICK, J. *Affirmed.*

*George B. France* and *T. E. Bennett*, for plaintiff in error.

*Harlan & Taylor, contra.*

SULLIVAN, J.

This action to recover damages for breach of a covenant against incumbrances was commenced by Charles S. Hesser against Sylvester Johnson in the county court of York county and removed thence by appeal to the district court. The land described in the deed executed by the defendant to the plaintiff is situate in Phillips county, Colorado. The petition alleges that it was, at the time of the sale and transfer, subject to a lien for taxes which the plaintiff was compelled to discharge with his own funds. The answer of the defendant, after admitting the execution of the deed, continues as follows: "But defendant alleges that the land mentioned in said conveyance in said petition described, was so conveyed in exchange for the west one-half of the southwest quarter of section No. 19, in township No. 11, north of range No. 2,

west, York county, Nebraska, and for the sum of $125 which plaintiff agreed to pay defendant as difference between said land, $59.50 of which amount plaintiff then and there settled by note, and the balance thereof the sum of $65.50 the plaintiff retained in settlement and full payment of the taxes complained of in the petition herein, and the defendant's part of expenses in making said exchange." The plaintiff in his reply denied that he had agreed to pay the sum of $125 as boot in the exchange of lands, and denied that he had retained from any money due to the defendant the sum of $65.50, or any other sum, on account of the tax lien here in question. The cause was tried to a jury, and the trial resulted in a verdict and judgment in favor of the plaintiff for the full amount of his claim.

The trial court charged the jury that the paragraph of the answer above set out was a plea of confession and avoidance. We think this was a correct construction of the pleading. The allegation that the plaintiff had been permitted to retain out of money due to the defendant a sum sufficient to pay the taxes on the Colorado land, was an implied admission of the existence of the tax lien. *Dinsmore v. Stimbert*, 12 Nebr., 433; *School District v. Holmes*, 16 Nebr., 486; *Adams v. Osgood*, 60 Nebr., 779. On the trial the defendant also admitted the lien in the course of his examination as a witness and by stipulating that the plaintiff had paid $97.05 "to redeem said land from tax sales." Unless there had been a lien there could not have been a redemption. The covenant against incumbrances and the breach of it having been conclusively settled in favor of the plaintiff by the pleadings and evidence, the only question for the jury to pass upon was whether the affirmative defense above mentioned had been established. This question was submitted under proper instructions and was, in our judgment, correctly decided.

There was no error in refusing to permit the defendant to prove the written laws of Colorado by "Hubbell's

Legal Directory" or by the testimony of an expert witness. Better evidence was attainable. Code Civil Procedure, sec. 419; 1 Greenleaf, Evidence, secs. 480, 486, 491; 2 Jones, Evidence, secs. 516, 517; 13 Am. & Eng. Ency. Law [2d ed.], 1064. Besides, as we have already shown, there was, under the pleadings, no issue to which such evidence would be relevant; there was no material averment which it would tend either to establish or disprove.

We concur in the decision of the trial court sustaining a demurrer to the defendant's plea of *res adjudicata.* It appears from the record that at the May, 1895, term of the district court two judgments of the same purport were rendered in this case in favor of the defendant; that the second one was reversed by this court in an appropriate proceeding (*Hesser v. Johnson*, 57 Nebr., 155), and that the one first rendered was at a subsequent term expunged by order of the district court. The order expunging the first judgment was made by the district court in the exercise of a lawful jurisdiction, and whether it is right or wrong it is valid, and will bind the parties until set aside in a direct proceeding instituted for that purpose. It can not be overthrown by a collateral attack. The former adjudication pleaded by the defendant is not a defense because the evidence of it does not now exist. But we are disposed to think the ruling on the demurrer may be sustained on another and a broader ground. The court had complete control of the case during the term at which it was tried. It had authority to vacate its first judgment and enter the second. Both judgments evidenced the conclusion of the court—the decision of the law—upon the merits of the controversy; and it would seem that the first judgment, since there could be no reason for preserving it, should be regarded as merged in the second or constructively vacated by it.

The action being grounded on a contract in writing, it was not barred by the statute of limitations. The fact that under the laws of Colorado the covenant against in-

cumbrances runs with the land and inures to the benefit of every subsequent grantee, does not make it any the less a written contract within the meaning of section 10 of the Code of Civil Procedure, which fixes the period of limitations in such cases at five years from the time the cause of action accrued. *Kern v. Kloke*, 21 Nebr., 529.

The conclusions at which we have arrived upon the points considered lead necessarily to an affirmance of the judgment, and furnish a sufficient reason for not inquiring into the correctness of some other rulings assigned for error and discussed by counsel at the bar and in the briefs. The judgment is

AFFIRMED.