### NORTHERN TEXAS TRACTION CO. v. McMURRAY.

(Court of Civil Appeals of Texas. Texarkana. Oct. 26, 1911. Rehearing Denied Nov. 9, 1911.)

1. APPEAL AND ERROR (§ 79*)—DECISIONS RE-VIEWABLE—FINALITY OF DETERMINATION—FINAL JUDGMENT.

Where defendant by a cross-action brought in another defendant, who answered, and plaintiff's exceptions to the cross-action were sustained by an order reciting that the court had sustained a plea as to defendant's answer, a judgment for plaintiff in the main action was not a final judgment, for a final judgment must dispose of all the parties before the court, and the order sustaining the exceptions to the cross-action, while the basis for a final judgment thereon, was not a final judgment because the second defendant, having appeared and answered, was entitled to a final judgment pronouncing that fact and to his costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

2. APPEAL AND ERROR (§ 77*)—DECISIONS RE-VIEWABLE—FINALITY OF DETERMINATION—NECESSITY.

An appeal in an action sounding in tort against a common carrier can be had only from a final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 444–463; Dec. Dig. § 77.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by John P. McMurray against the Northern Texas Traction Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Capps, Cantey, Hanger & Short, for appellant. Wynn & Turner, Slay, Simon & Wynn, and H. A. Turner, for appellee.

LEVY, J. [1] The appellee sued the appellant company for damages alleged to have resulted to him from an assault and battery committed upon him while a passenger in a street car of appellant by the conductor in charge of the car. The appellant appeared and answered by a general denial, and also by cross-action sought a recovery against the conductor for such amount as the plaintiff might recover against it. The cross-action prayed for citation to the conductor. The conductor, in response to the cross-action, appeared and filed his answer, which consisted of a demurrer and general denial. The appellee filed exceptions to the cross-action of appellant against the conductor, to the effect that the conductor was not a necessary or proper party to the suit. The court sustained the exceptions to the cross-action, and the case proceeded to trial. A

---

verdict was returned in appellee's favor against appellant, and appellant appeals.

We are constrained to hold from the record that this court is without jurisdiction to entertain the appeal, because there is no final judgment disposing of all the parties. The final judgment as entered simply awards appellee a judgment against the appellant for the amount awarded by the jury, and does not dispose of the conductor, Ralston, who appeared and answered, in any way. The previous order of the court sustaining exceptions to the pleading is in these words: "This day came on to be heard the pleas to defendant's answers, and the court sustained the plea as to that part of defendant's answer and supplemental answer wherein it seeks to make Ralston a party to the suit. Defendant excepts." Merely sustaining exceptions to a pleading, and the entry of an order reciting that fact, though the basis for, does not operate as, a judgment finally disposing of the party defendant who has appeared and filed answer in response to a cross-action. Assuming that Ralston in the circumstances was entitled to be dismissed from the suit, he was further entitled to a final judgment of the court pronouncing that fact, and to his costs. His appearance in court by answer made him a defendant actually before the court. It is the settled rule in this state that there can be but one final judgment in a case, and a judgment which fails to dispose of all the parties before the court is not a final judgment.

[2] It is further the rule that an appeal lies to this court in this character of cases only from a final judgment.

The appeal is dismissed for want of jurisdiction.