## RHYNER v. WOOD. (No. 7616.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926.)

**Appeal and error ⬰78(3).**

Order sustaining a demurrer to cross-action is interlocutory and nonappealable.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by A. Wayne Wood against H. L. Goode, Jost Rhyner, and the Santa Helena Improvement Company, wherein defendant last-named filed a plea of intervention against defendant first named, and second named defendant filed a cross-action making J. W. King a party. Judgment for plaintiff, and intervener defendant Jost Rhyner appeals from that part of the judgment sustaining a general demurrer by J. W. King to the cross-action. Appeal dismissed.

W. T. Carlton, of Harlingen, for appellant. H. L. Faulk and Seabury, George, Taylor & Polk, all of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellee against H. L. Goode, Jost Rhyner, and the Santa Helena Improvement Company, seeking to recover from Goode a certain debt evidenced by notes described as being in class A, and to foreclose a vendor's lien on 47.84 acres and a decree declaring the lien superior to any claims of the other defendants. For some reason not apparent, the Santa Helena Improvement Company, on the same date the petition was filed in which it was made a defendant, filed a plea in intervention, being represented by the attorneys for the plaintiff, and seeking a judgment for debt against H. L. Goode, evidenced by notes in class B, and for a foreclosure of a lien subject to the vendor's lien of the trustee, appellee herein. Jost Rhyner filed an answer and cross-action, in which he made J. W. King a party, and alleging that he had bought the land from Goode and King, and praying that, if a lien be declared against the land, he have judgment for the same amount against Goode and King. King answered by general demurrer and special exceptions, general denial and plea of limitation of two years. Upon the trial, Jost Rhyner dismissed his cross-action as to Goode, and confined his action as to King to his warranty of title to the land. The general demurrer of King to the cross-action was sustained. A jury was waived, and the court decreed that all interest that Rhyner might have in the land was subordinate to the liens of the trustee and the improvement company. A vendor's lien was foreclosed on the land in favor of the trustee in the sum of the notes in class A, amounting to $4,002.12, and in favor of the improvement company for foreclosure of a lien on the land for the amount of the notes in class B, being in the aggregate $6,261.12, and judgment for these sums was rendered against H. L. Goode.

It was alleged in the petition that H. L. Goode was a transient person, but there is nothing in the record to show that he was cited either in person or by publication, and there is no recitation of the matter of citation in the judgment, although it covers nine pages of the transcript. However, there is no appeal from any part of the judgment as to the debt against Goode or foreclosure of the lien against the land, and it may possibly be presumed that Goode was cited in some manner and made default, although the judgment is rendered as though he had appeared and answered.

This appeal is attempted to be prosecuted from only that part of the judgment sustaining a general demurrer presented by King to the cross-action of appellant. That part of the judgment is as follows:

"And thereupon came on to be heard the general demurrer of J. W. King, defendant, as hereinabove shown, to the cross-action of Jost Rhyner, one of defendants: herein. Whereupon said Jost Rhyner, through his attorneys, announced that he would not insist on any of his allegations over against said defendant J. W. King, except in so far as the same constituted a suit on the warranty of defendant H. L. Goode, upon which warranty, by the allegations in said pleading, the said Jost Rhyner sought to hold said King as warrantor. And the court, having considered said demurrer, is of the opinoin that the same is well taken. It is therefore the judgment and decree of the court that the general demurrer of J. W. King, as against the cross-action of said Jost Rhyner, declaring on the warranty of the said H. L. Goode, be, and the same is hereby, in all things sustained, to which action and ruling of the court the said Jost Rhyner, by his attorney, then and there in open court duly accepted, and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas at San Antonio, Tex."

Appellant did not seek to amend his pleadings and there was no judgment of dismissal. The court only sustained a demurrer to the pleading, which was an interlocutory order, and made no further orders in regard to the cross-action of appellant. The bond of appellant recites that the appeal is from an order sustaining the demurrer, and the only assignment of error is as to that order. In the case of Dixon v. Sanderson (Tex. Sup.) 6 S. W. 831, the court said:

"Upon examining the record in this case, we find that no final judgment was rendered in the court below. There is an order in the transcript sustaining a demurrer to the plaintiff's amended petition, and a recital that to this ruling the plaintiff excepted, and gave notice of an appeal to the Supreme Court. But this did not necessarily dispose of the case. No recovery was had for either party, and what the adjudication of the court was as to the subject-matter of the suit does not appear."

The cross-action of appellant against King was a separate and distinct action, seeking to have him bound as the warrantor of a title to land. No disposition was made of the subject-matter of the suit between the two parties anywhere in the judgment. Appellant in no manner complains of the judgment in the case in favor of appellee, and appeals only from an interlocutory order made during the trial of the cause as between him and a party defendant brought into the case by him on an independent action against him. Disposal of the other issues had nothing to do with the independent cross-action. The issue between them has not been settled. Bowen v. Grayum (Tex. Civ. App.) 150 S. W. 472; Lanius v. Telephone Co. (Tex. Civ. App.) 160 S. W. 304; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719; Tex. Land Co. v. Winter, 93 Tex. 560, 57 S. W. 39.

Because the appeal was attempted from an order sustaining a general demurrer, not followed by a judgment of dismissal, the appeal is dismissed.