## LENNOX et al. v. TEXAS FARM BUREAU COTTON ASS'N. (No. 3356.)

Court of Civil Appeals of Texas. Texarkana.
May 19, 1927.

Rehearing Denied May 26, 1927.

Appeal and error ⬄78(4)—Order dismissing action, but not disposing of cross-action, held not "final judgment" that could be reviewed by appeal or writ of error.

Order dismissing action on plaintiffs' declining to further amend petition, but not disposing of defendant's cross-action, was not "final judgment" from which an appeal or writ of error could be prosecuted, and writ of error to review such order will be dismissed for want of jurisdiction by Court of Civil Appeals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error from District Court, Red River County; R. J. Williams, Judge.

Suit by H. H. Lennox and another against the Texas Farm Bureau Cotton Association, in which defendant filed a cross-action. To review an order dismissing the amended petition, plaintiffs bring error. On defendant's motion to dismiss appeal. Motion sustained, and writ of error dismissed.

See, also, 257 S. W. 935, 283 S. W. 619, and 296 S. W. 325.

Phillips, Townsend & Phillips, of Dallas, and King, Mahaffey & Wheeler, of Texarkana, for plaintiffs in error.

Aaron Sapiro, of Chicago, Ill., C. K. Bullard, of Dallas, Long & Wortham, of Paris, and Robbins & Bailey, of Clarksville, for defendant in error.

WILLSON, C. J. It appears in the record that H. H. Lennox and C. D. Lennox were the plaintiffs in the court below, and that the Texas Farm Bureau Cotton Association was the defendant. June 14, 1926, the plaintiffs filed a petition amending their original petition filed October 11, 1922. On the same day, to wit, said June 14, 1926, the defendant filed an amended answer in which it excepted to said amended petition on the ground that it appeared the cause of action set up therein was a new and different cause of action from the one first set up by plaintiffs and was barred by the 2 years' statute of limitations. The amended answer also contained a plea setting up said statute, and a cross-action by the defendant against the plaintiffs for specific performance of a contract specified, for an injunction restraining plaintiffs from violating provisions in such contract, and for damages. June 15, 1926, the court sustained said exception to said amended petition, and the order recites:

"The plaintiffs declining further to amend, the court then and there dismissed the action of the plaintiffs sought to be maintained by their said first amended original petition filed herein on June 14, 1926."

The writ of error is from said order. It will be noted that no disposition whatever was made therein of the defendant's cross-action against the plaintiffs.

The motion to dismiss is on the theory that the order was not a final judgment from which an appeal or writ of error could be prosecuted. We agree it was not. Drug Co. v. Spradlin (Tex. Civ. App.) 268 S. W. 786; Miller v. Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540; Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856; Casualty Co. v. Keith (Tex. Com. App.) 273 S. W. 836; Wootters v. Kauffman, 67 Tex. 496, 3 S. W. 465; Machine Co. v. Lipper (Tex. Civ. App.) 179 S. W. 701; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837; Traction Co. v. McMurray (Tex. Civ. App.) 140 S. W. 478; Rhyner v. Wood (Tex. Civ. App.) 287 S. W. 690; Cook v. Baldwin (Tex. Civ. App.) 136 S. W. 1154; Cook v. Fore (Tex. Civ. App.) 37 S. W. 970.

The motion is sustained, and the writ of error will be dismissed because this court is without jurisdiction to hear and determine it.