**WELLS et al. v. STONEROCK.** (No. 2072.)

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

1. **Judgment ⬅526—Order made on exceptions, if inconsistent with judgment on merits, must give way thereto.**

If judgment on the merits is inconsistent with order made on exceptions, the order must give way to judgment, instead of limiting its effect.

2. **Judgment ⬅217—Judgment discharging defendant without day without passing on general demurrer held final judgment on the merits.**

Judgment discharging defendant without day without passing on general demurrer *held* to constitute a final judgment on the merits as further evidenced by order therein granting time in which to file statement of facts.

3. **Appeal and error ⬅901—Reversal of judgment is not warranted unless error is affirmatively shown.**

Judgment appealed from is presumptively correct, and reversal is not warranted unless error is affirmatively shown.

4. **Appeal and error ⬅901—Appellant has burden of showing error.**

Burden of showing error on appeal rests on appellant.

5. **Appeal and error ⬅907(3)—Evidence will be assumed to support judgment in absence of statement of facts.**

In absence of statement of facts on appeal, it must be assumed that evidence supported judgment rendered.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. T. Wells and another against J. W. Stonerock. Judgment for defendant, and plaintiffs appeal. Affirmed.

Taylor & Irwin, Jasper & Cruse, and Wm. M. Cramer, all of Dallas, for appellants.

R. L. Stennis, of Dallas, for appellee.

HIGGINS, J. This is an action by the appellants Wells and Collie against appellee, Stonerock, in the nature of a bill of review to set aside or reform a judgment theretofore rendered against appellants, as sureties, upon a replevy bond in sequestration. The validity of the judgment was attacked upon the ground that it did not conform to and was unsupported by the verdict returned in the case.

The judgment from which this appeal is prosecuted reads:

"On this the 9th day of November, A. D. 1926, came on to be heard the general exceptions of J. W. Stonerock to the first amended bill of review and/or bill of equity for an injunction filed herein this day by Dr. J. T. Wells and W. M. Collie, and all parties appeared by their respective attorneys; and, the argument of counsel thereon being heard, it is the opinion of the court that the law is for said J. W. Stonerock.

"It is therefore considered by the court that the temporary injunction heretofore granted herein be and the same is dissolved, and that said J. W. Stonerock go hence without day, and that he recover of said Dr. J. T. Wells and W. M. Collie, jointly and severally, his costs in this behalf expended, for which he may have his execution.

"To all of which the said Dr. J. T. Wells and W. M. Collie excepted and in open court give notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas; and they are given 80 days from this date in which to prepare and file any bill of exceptions or statements of facts.

"Supersedeas bond on appeal set at $1,000."

The record contains no assignments of error, bills of exception, statement of facts, nor findings of fact and conclusions of law by the court below.

Appellants present the appeal upon the assumption and theory that the case was disposed of upon general demurrer. If this were the case, a question of fundamental error would be presented and the deficiencies in the record would be immaterial. But such is not the nature of the judgment appealed from.

[1] So far as concerns the general demurrer, the judgment at best is but the recorded expression of the opinion of the court that the law was with Stonerock. The judgment did not even go so far as to sustain the demurrers; much less did it fail to pronounce any order properly ensuing upon the sustaining of the demurrers. No judgment upon the demurrers having been rendered, the court had power to render judgment upon the merits; "and, if such judgment was inconsistent with the order made upon the exceptions, the order must give way to the judgment, instead of limiting its effect." Texas L. & L. Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Moran v. Midland Farms Co. (Tex. Civ. App.) 282 S. W. 612; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719; Dixon v. Sanderson (Tex. Sup.) 6 S. W. 831; Rhyner v. Wood (Tex. Civ. App.) 287 S. W. 690; Harrell v. Harrell (Tex. Civ. App.) 284 S. W. 611.

[2] The judgment rendered was final and upon the merits by discharging Stonerock without day. Oilmen's, etc., v. Harris (Tex. Com. App.) 288 S. W. 809. That it was judgment upon the merits is further evidenced by the order granting 80 days in which to file a statement of facts—an order wholly unnecessary and inappropriate in a judgment of dismissal rendered upon sustaining a general demurrer.

There is thus here presented for review a judgment upon the merits refusing to set aside or modify a judgment previously rendered.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3, 4] The judgment appealed from is presumptively correct. Its reversal is not warranted unless error is affirmatively shown by the record. The burden of showing error rests upon appellants. These are well-settled principles (see cited 1 Michie's Digest, 715), and a fortiori no presumption will be indulged for the purpose of reversing the judgment. Allison v. Baird D. Co. (Tex. Civ. App.) 292 S. W. 956; Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 771.

There is nothing to show upon what theory the trial court based its judgment. It may have been because of a failure by appellants to prove the allegations of fact upon which they sought to set aside or modify the judgment attacked by them. The judgment proved may not have been subject to the defects asserted against it.

[5] In the absence of a statement of facts it must be assumed the evidence supported the judgment rendered. See cases cited 7 Michie's Digest, 155 et seq.

Affirmed.