30082. KIRKLAND *v.* EMPLOYERS LIABILITY
ASSURANCE CORPORATION.

DECIDED MAY 15, 1943.

*James W. Hennessy Jr., John J. Hennessy,* for plaintiff.
*Abrahams, Bouhan, Atkinson & Lawrence,* for defendants.

SUTTON, J. This case arose by reason of an application for a review of an award under the workmen's compensation act. The Industrial Board held that the application for review, on the ground of change in condition, was barred by the statute of limitations, in that it was not filed until more than two years after the Industrial Board had been notified of the final payment of the claim. This award was affirmed by the superior court and the claimant excepted. The case was carried to the Supreme Court on the assumption that a proper attack had been made on one of the provisions of the act, Code § 114-709, as amended by the act of 1937 (Ga. L. 1937, p. 528), as being violative of the due-process procedure provisions of the State and Federal constitutions. The Supreme Court transferred the case to this court, holding that no constitutional question was raised. *Kirkland* v. *Employers Liability Assurance Cor.,* 195 *Ga.* 402 (24 S. E. 2d, 676). The record in this case as amended by the plaintiff in error by inserting Code § 114-709, instead of Code § 114-710, at page 78 of the record, in the sentence, "The interpretation given to Georgia Code section 114-710 by the director and directors has read into the statute two items . . ," and by attaching the "application for review by all

the directors," with the brief of the attorney for the claimant attached thereto, it being claimed that the alleged error occurred in transmitting copies of the record from the Industrial Board to the superior court of Chatham County, does not change the status of this case in respect to any constitutional question being raised from what it was as ruled on by the Supreme Court. An examination of the record shows that the contention of the plaintiff in error in this respect is, that the construction placed on Code § 114-709, as amended by the act of 1937, by the Industrial Board is erroneous in that it held that notice from the insurance carrier to the Industrial Board of final payment of the claim was sufficient without giving simultaneous notice to the claimant. The request of counsel for the plaintiff in error to certify to the Supreme Court certain alleged constitutional questions set out in their brief in this court is denied.

It appears from the record that J. J. Kirkland, the claimant, sustained an accidental injury on August 8, 1938, and that the Industrial Board awarded him compensation at the rate of $15.40 per week from September 21, 1938, through November 30, 1938, amounting to $156.57, for temporary total disability as a result of said injury, and it was stated in the award that the employer or insurance carrier will also pay all the reasonable medical and hospital expenses incurred as a result of the injury, not exceeding the statutory limits. It was ordered that the compensation, medical and hospital expenses awarded be paid immediately. No appeal was taken from that award.

On April 5, 1939, the Industrial Board received a letter from the insurance carrier, advising that it had paid the claimant $156.57, the amount of compensation due him under the award, and had paid Dr. Rabhan $75, the amount of his bill, and had paid the hospital bill of $85.53. The letter stated that claimant's attorney had advised that his client had spent approximately $20 for drugs, and that the insurance carrier had advised him that it would pay a reasonable drug bill if furnished with an itemized bill, but it had not heard any further from him and had not been able to get the claimant to execute a final settlement receipt, and stated that the purpose of the letter was to advise the board of its action (the insurance carrier) in connection with the award of February 6, 1939. On the same date the board wrote the claimant to advise

it of his reason for not signing the final settlement receipt; and stated if there was any information he desired as to his rights under the compensation act the board would furnish the same on request. On April 7, 1939 the board received a letter from the claimant's attorney stating that the compensation, the hospital bill, and the surgeon's bill for the operation had been paid, but that two drug bills amounting to $20.02 and the bill of a Dr. Blake for $20 had not been paid; and the board on the same date, in reply, wrote to the claimant's counsel that the insurance carrier had advised the board it would pay the two drug bills, but excepted to Dr. Blake's bill for $20, and the letter further stated: "If you are unable to agree to their proposals kindly advise us and we will place the same before the full board for regulation of the fee of Dr. Blake, if it comes within the provisions covered by the workmen's compensation act."

The two drug bills were paid on April 10, 1939, and, on April 18, 1939, the insurance carrier wrote counsel for claimant and enclosed a draft for $10 to reimburse the claimant for what he had paid Dr. Blake for medical services rendered during August 1938, but declined to pay the other $10 for medical services rendered by Dr. Blake in November 1938, for the reason that treatment was rendered more than ten weeks after the accident occurred, and under Code § 114-501 it was not liable therefor, and the insurance company also wrote the board on the same date, enclosing a copy of the letter just referred to, and advised the board that it denied liability for the expenditure made to Dr. Blake after the ten-week period. The claimant accepted the $10 draft and did not controvert the position taken by the insurance company that it was not liable for the portion of Dr. Blake's bill for medical services rendered after the ten-week period. Nothing further was done in respect to this claim until November 26, 1941, when the board received a letter from claimant's attorney advising that he had had a change in condition, and that he desired the case to be reopened and a new award made.

The Code, § 114-709, as amended by the act of 1937 (Ga. L. 1937, p. 528) provides: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Board may, within two years from the date that the board is notified of the

final payment of claim, review any award or any settlement made between the parties and filed with the board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award." It will be seen that the act does not provide how or by whom the board may be notified of the final payment of the claim. In this respect, the Industrial Board in its award aptly stated and held: "Since it is in the interest of the employer, and/or insurance carrier to notify this board that it has complied with the law by making final payment of the claim, and thus to fix a date upon which the statute begins to run against the claimant, it would seem to be the logical conclusion that the legislature intended that the notice referred to would be legal and binding if it came from such employer and/or its insurance carrier. It was probably not the intent, however, that this source of the notice should be exclusive. The point at issue, however, is whether or not notice coming from such source is sufficient to commence the running of the statute. I hold that it is. I further hold that the payment in full of the award constituted 'the final payment of the claim' within the meaning of the statute." The Industrial Board construed the letter received by it on April 5, 1939, from the insurance company, the substance of which is stated above, as constituting notice to the board of final payment of the claim. But the plaintiff in error contends that he also should have been notified of the final payment of the claim. The act does not so provide. It only provides for a review of an award or settlement made between the parties and filed with the board, on the ground of a change in condition, within two years from the date *the board is notified of the final payment of claim.* The payment of the award effected a final payment of the claim, as the claim was merged into the award, and notice to the board of payment thereof satisfied the requirements of the provisions of the act as contained in Code, § 114-709, as amended by the act 1937, (Code Supp. § 114-709). Even if the act required that notice of final payment of claim be given to the claimant when given to the board, the claimant, under the particular facts of this case, would have no ground to complain, as it appears from the record that he had notice or knowledge of all transactions with respect to the final payment of the claim from

April 5, 1939, through April 19, 1939, when the matter was finally closed.

Under the law and the facts the Industrial Board properly held that the application for review, on the ground of a change in condition, was barred by the statute of limitations, as it was filed more than two years after the board was notified of final payment of the claim, and dismissed the same; and the superior court on appeal did not err in approving the finding and action of the board.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*