NATIONAL SURETY CORPORATION *et al. v.* ORVIN.

No. 18175.   ARGUED MAY 11, 1953—DECIDED JULY 13, 1953.

*Martin, Snow & Grant,* for plaintiffs in error.

*Emory L. Rowland, Harry E. Monroe, T. Elton Drake* and *John M. Williams,* contra.

HEAD, Justice. In all instances where an agreement is made for the payment of compensation in a lump sum, the agreement. must be approved by the Board of Workmen's Compensation, and, where the agreement is not so approved, "it is contrary to public policy, is not binding upon the parties, and is void." *Tillman* v. *Moody,* 181 *Ga.* 530, 534 (182 S. E. 906). In the present case the board approved the agreement and directed that the defendants "pay upon receipt of this order, direct to J. W. Orvin, employee claimant, $1300.00, in lump sum in full and final settlement of all compensation hereunder."

We recognize that the word "settlement" has many different meanings. As used by counsel to the chairman of the board in this case, settlement means "payment in full." 2 Bouvier's Law Dictionary, p. 3054; Webster's Unabridged Dictionary (2d ed.), p. 2293, div. 7 under "settlement." The statement of counsel for the defendants to the chairman of the board (which was duly admitted by the chairman), subsequent to the order of the board approving the agreement, was: "I already made a settlement of thirteen hundred dollars to Emory Rowland [counsel for the claimant]." This statement of counsel, under the facts of this case, could only mean payment in full.

A liquidated demand is "an amount certain and fixed, either by the act and agreement of the parties, or by operation of law." *Nisbet* v. *Lawson,* 1 *Ga.* 275, 287. A settlement "to" opposing counsel should not have been understood by the chairman of the board to mean that the claimant's demand had become fixed and certain by a settlement of $1300 "to" opposing counsel. Under the law the amount the claimant would receive had been determined by the act of the board in approving the agreement between the parties.

The State Board of Workmen's Compensation is an administrative commission, with such jurisdiction, powers, and authority

as may be conferred upon it by the General Assembly. *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613, 618 (123 S. E. 897). The General Assembly has not conferred upon the State Board of Workmen's Compensation, or the chairman thereof, any authority to limit or restrict the generally approved and accepted meaning of words, phrases, and clauses of the English language. Any construction by the chairman that he did not, in fact, have notice that $1300 had been paid to counsel for the claimant, pursuant to the agreement, is not binding upon the courts.

Since there is no statute, or rule of the State Board of Workmen's Compensation, requiring notice of payments to claimants to be in writing, the fact that it may have been a custom of the board to accept a written notice would not preclude an oral notice.

*Judgment reversed. All the Justices concur, except Wyatt, J., who dissents, and Atkinson, P. J., not participating.*