37473. NATIONAL SURETY CORPORATION *v.* NELSON.

Townsend, Judge. 1. "Where an injury is sustained by an employee under the provisions of the Workmen's Compensation Act which results in total loss of use of a leg and total incapacity to work at that time, he is not entitled to benefits under Code § 114-404, since the injury is scheduled under Code § 114-406 (o). He is entitled, under § 114-406, to compensation for total incapacity not exceeding ten weeks; and if there is then a total loss of use of the leg, he is entitled to compensation for the loss of the use of the leg for a period not to exceed 175 weeks. If during such time there is an improvement in

the injured member resulting in partial rather than total loss of use thereof, the compensation may on proper application be diminished in accordance with this section and § 114-709." *New Amsterdam Cas. Co.* v. *Brown*, 81 *Ga. App.* 790 (60 S. E. 2d 245). In the present case, where an employee earning $78.13 per week suffered an injury to his leg resulting in total disability of the leg and total disability to work, and the employee and employer entered into an agreement to pay $30 per week (the maximum both for total incapacity to work under § 114-404 and total disability to a leg under § 114-406 (o)) from September 12, 1955, until terminated in accordance with the provisions of the Workmen's Compensation Act, the first ten weeks of such payment must be credited to total incapacity to work under Code § 114-404, and the remainder to total incapacity of the member under § 114-406. Likewise, the award of the director, entered pursuant to a hearing requested September 13, 1957, by the claimant to the effect that "the claimant is entitled to compensation for temporary total disability from the last date of payment, December 17, 1956, up to September 1, 1957," if construed as granting compensation under Code § 114-404 relating to total incapacity to work, would be contrary to law. If construed as granting full compensation for total disability to the leg, however, the amount would be correct. Since the construction which will uphold rather than invalidate the award should be adopted (see *Pacific Employers Ins. Co.* v. *West*, 97 *Ga. App.* 392, 397, 103 S. E. 2d 130), it is here given this construction, although, as hereinafter shown, this sum was payable in any event under the original award.

While this would not be true in a case where the injury was not one scheduled under Code § 114-406, the only injury to the claimant here was an injury to the claimant's leg, which fact is shown without dispute both on the face of the original agreement between the parties and in the evidence, including a stipulation of counsel, at the present hearing. In so ruling we follow the decision in *Travelers Ins. Co.* v. *Reid*, 178 *Ga.* 399(2) (173 S. E. 376) which holds: "Inasmuch as no disability of the employee is shown to be the result of any cause other than pain incident to the injury to his leg, compensation should have been awarded under section 32 of the Workmen's Compensation Act of 1920 (Ga. L. 1920, p. 184), as amended by the Act of 1923 (Ga. L. 1923, p. 95), [Code § 114-406];

and compensation for total disability cannot be awarded in excess of the ten weeks specified in the act of 1923."

2. Under Code § 114-705 a memorandum of agreement in the form prescribed by the State Board of Workmen's Compensation filed with and approved by that body "shall for all purposes be enforced by decree or judgment of the superior court as herein specified." Under Code § 114-711 a certified copy of the agreement so approved may be filed in the proper superior court "whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court." It follows that an agreement duly approved by the board and not performed by the obligee, has, as to enforceability, all the attributes of a final judgment until a petition to change its terms is filed with the board under the provisions of Code § 114-706 or 114-709. When the employer ceased making the weekly payments, but took no steps to have the award (here the approved agreement) changed by showing to the board a change of facts, the claimant, had he desired, might have enforced the judgment through the superior court. Instead, the claimant, on September 13, 1957, took the burden upon himself of requesting a hearing before the board to prove the continuance of his disability. The proof at that hearing authorized a finding that as of the date on which the hearing was requested, and thereafter, the permanent disability to the claimant's leg was 25%. From the new award the employer appeals solely on the proposition that the evidence demands a finding to the effect that between December, 1956, when it ceased making payments, and September, 1957, when the 25% disability was established, it should not be required to make payments as of the full disability rate, but only as of the 25% disability rate. The argument is that it is not bound by the provisions of Code (Ann.) § 114-709 to the effect that on a new award for change of condition "no such review shall affect such award as regards any moneys paid" because it did not in fact pay any money, but withheld from the claimant the amounts which it was required to pay under the original approved agreement. A litigant can not profit by his own wrong, and the payments, being judicially enforceable until a petition to increase or decrease payments is filed under Code

§ 114-706 or Code (Ann.) § 114-709, cannot be avoided except by seeking a new hearing and obtaining a new award. From the language of *General Accident &c. Corp.* v. *Beatty*, 174 *Ga.* 314(2) (162 S. E. 668) and the language of the second certified question therein, it is clear that a new award cannot be retroactive, and this whether the full weekly amounts under the first award were "already received and paid to" the claimant, or whether the amount was merely awarded "whether it is paid or not." Since nothing was pending before the State Board of Workmen's Compensation until September, 1957, the original award remained of full force and effect until that time, and the employer cannot complain that it is compelled to pay under the terms of the approved agreement prior to that date. Had the employer felt that the total disability to the leg ceased in December, 1956, it should have filed a request for a hearing on a change of condition at that time, rather than arbitrarily refusing to pay the amounts for which it was liable under the first award.

The Judge of the Superior Court of Sumter County did not err in affirming the award of the compensation board.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1959—REHEARING DENIED
FEBRUARY 13, 1959.

*Smith, Field, Doremus & Ringel, Richard D. Carr, H. A. Stephens, Jr.,* for plaintiff in error.

*Dykes, Dykes & Marshall, T. O. Marshall, Jr.,* contra.