37691.   BRAZIER *v.* UNITED STATES FIDELITY & GUARANTY COMPANY *et al.*

DECIDED MAY 18, 1959.

*McClure & McClure, Wade H. Leonard,* for plaintiff in error. *Carlton McCamy, Hardin, McCamy & Minor,* contra.

TOWNSEND, Judge. There are only three Code sections under which compensation may be awarded by the board. Code (Ann.) § 114-406 deals with injuries to specific members. Code (Ann.) § 114-405 deals with partial incapacity to work resulting from injury. Neither is applicable here. Code (Ann.) § 114-404 provides: "When the incapacity to work resulting from an injury

is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to 60% of his average wages, but not more than $30 per week nor less than $10 per week, except when the weekly wage is below $10, then the regular wages on the date of the accident shall be the weekly amount paid, and in no case shall the period covered by such compensation be greater than 400 weeks, nor shall the total amount of compensation exceed $10,000." Under Code (Ann.) § 114-709 any award may be reviewed upon the application of any party at interest on the ground of a change in condition, and the compensation payments increased or decreased accordingly. A claimant is entitled to be paid under the provisions of Code § 114-404 "not only so long as the injured employee is unable to do any work of any character, but also while he remains unable as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity." *U. S. Fidelity & Guaranty Co.* v. *Brazier*, 96 *Ga. App.* 743, 745 (101 S. E. 2d 625) and citations. All parties agree that under this definition the claimant is at the present time suffering a total incapacity to work. So long as he continues to do so he will be paid under the provisions of Code § 114-404 up to the maximum limit. If, before the limit is reached, his condition changes, should his incapacity to work become partial, on such fact being called to the attention of the board, the payments will be made under Code § 114-405 instead of § 114-404. But in neither case does the statute make any distinction between "temporary" and "permanent" disability, whether total or partial. While the disability exists it is compensable. When it ceases or changes, a hearing on change of condition is in order. Neither the estimate of the witnesses nor the conclusion of the director as to the time in the future to which the disability may extend affects the compensation payable. Whether or not maximum improvement has been reached in this case, from the standpoint of the claimant's ability to work and earn money, the award is the same and the time is the same until and unless a change of condition occurs. Accordingly, the use of the words "temporary"

or "permanent" applied to such situations have no legal significance in determining the amount of award. One may have a physical disability which is less than 100% but which results in a total incapacity to work, thus constituting total disability under Code § 114-404. *Employers Liability Assurance Corp.* v. *Hollifield*, 93 *Ga. App.* 51 (90 S. E. 2d 681). Care should be taken in construing the word "disability", which, in Code § 114-406 is specifically measured by the specific physical impairment, whereas in Code §§ 114-404 and 114-405 it is measured by the decreased economic return resulting from a general physical impairment. Also, while the latter Code sections make no reference to "temporary" or "permanent" disability, Code § 114-406 does refer to *"permanent* partial industrial handicap", as a result of which, in *Keel* v. *American Employers Ins. Co.*, 44 *Ga. App.* 773 (162 S. E. 847), it was held that it was necessary to establish "maximum improvement" before fixing the award, the reasoning being that since the compensation was for permanent, as opposed to temporary impairment, maximum improvement must be reached before the percentage of permanent handicap could be established. This line of reasoning and this case were disapproved in *Liberty Mutual Ins. Co.* v. *Clay*, 180 *Ga.* 294, 297 (178 S. E. 736), which points out that "the compensation act says nothing about final settlement of compensation upon the basis of the employee's condition after maximum improvement has been reached." A fortiori, as to Code §§ 114-404 and 114-405, where no mention of the word "permanent" is made, the question of whether maximum improvement has been reached at the time of the hearing has no effect on the award *at that time.* The award goes into effect and is res judicata until the condition changes and a new agreement, or a request for a hearing based on a change of condition is made.

The request for hearing in this case was solely to determine "maximum improvement" and the board set it down for this purpose only. Since "maximum improvement" has no place in the workmen's compensation law (see *Borden Co.* v. *Fuerlinger*, 95 *Ga. App.* 556, 562, 98 S. E. 2d 410), when such a request for hearing is made to the board it should be declined. The purpose here was doubtless to get the word "temporary" stricken

from the original award, and the word "permanent" substituted therefor. It is granted that the word "temporary" should not be in it. Neither should the word "permanent," for neither the parties, the witnesses, the board, nor the courts know whether the condition is permanent or temporary, and any present adjudication relating thereto under Code § 114-404 is not res judicata and binding on the parties in case of an alleged change in condition subsequently arising under Code § 114-709.

The judge of the superior court did not err in affirming the award of the hearing director.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*