### 38442. CLAY v. AETNA CASUALTY & SURETY COMPANY *et al.*

DECIDED SEPTEMBER 30, 1960.

*James Maddox*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox*, contra.

NICHOLS, Judge. The award of the deputy director, adopted by the full board, states in part: "There is also a matter of record two final settlement receipts, one received by the board on May 18, 1957, acknowledging the sum of $14.40 compensation paid and an additional final settlement receipt received by the board on June 27, 1957, acknowledging the sum of $62.00 total compensation paid as a result of the accidental injury." An examination of the record, as passed on by the superior court, does not disclose any final settlement receipt, and none appears to have been transmitted to the superior court by the State Board of Workmen's Compensation.

" 'The facts upon which the superior court was authorized to exercise jurisdiction were those, and only those, contained in the record transmitted to it by the Department of Industrial Relations.' *Department v. Travelers Insurance Co.*, 177 Ga. 669, 672 (170 S. E. 883)." *City of Hapeville v. Preston*, 67 Ga. App. 350, 356 (20 S. E. 2d 202). If no final settlement receipt, agreement that no further disability existed as of such date, was executed by the claimant and approved by the board, then the hearing, instead of being one on a change in condition, must be construed to have been one authorized by *Code* § 114-706 where the burden is on the employer to show a change in the claimant's condition. See *General Accident Fire &c. Assurance Corp. v. Teal*, 100 Ga. App. 314 (111 S. E. 2d 113); *National Surety Corp. v. Nelson*, 99 Ga. App. 95 (107 S. E. 2d 718); and *Brazier v. U. S. Fidelity &c. Co.*, 99 Ga. App. 588, 591 (109 S. E. 2d 309).

The question presented to the superior court was whether the award of the State Board of Workmen's Compensation was supported by the evidence, and the question before this court is whether the superior court correctly affirmed the award of the full board. It has been said in many cases that where the award of the State Board of Workmen's Compensation is authorized by the evidence neither the superior court nor this court has authority to reverse such award, no error of law appearing. The record, as presented to the superior court, must authorize the findings of the board. If such findings are not so authorized then such award must be reversed. Since the record as presented to the superior court did not contain any final settlement receipt the award denying compensation because the claimant did not "carry the burden" of showing a change in condition was not authorized, and the judgment affirming such award must be reversed.

This judgment is based on the record as presented to both the superior court and this court. The board is required to forward to the superior court "certified copies of all documents and papers then on file in their office in the matter." *Code* § 114-710. While the deputy director, whose findings were adopted by the full board, stated that such final settlement receipts were in the file,

such receipts do not appear, and it cannot be assumed that the file of the board is different from the file forwarded to the superior court under *Code* § 114-710, supra.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*