39277. AMERSON v. EMPLOYERS INSURANCE COMPANY OF ALABAMA *et al.*

Decided January 25, 1962—Rehearing denied February 13, 1962.

*David L. Mincey, S. Gus Jones, Neal D. McKenney,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.

NICHOLS, Presiding Judge. An agreement was entered into between the parties and approved by the State Board of Workmen's Compensation on February 19, 1958, wherein the claimant was paid the maximum compensation for a compensable injury, which occurred on August 14, 1957. No further agreement or award was entered into until the deputy director found against the claimant on August 10, 1960, and there was no final settlement receipt signed, according to the record, when the claimant returned to full-time employment in June, 1958.

The award now complained of was based on the theory that the claimant could receive compensation only if he showed that his condition was worse than it was at the time he returned to work, and since there was no evidence, according to the deputy director, that the claimant's condition was worse he had not carried the burden of proving a change in condition.

Such finding was based on an erroneous theory of law and the award denying compensation was not otherwise supported by the facts. The agreement approved February 19, 1958, never having been appealed, reversed, or modified by any additional agreement, was conclusive as to the fact of total disability. While the evidence that the claimant had since been employed at the same wages may have tended to show change in the claimant's condition for the better, it was not evidence that he no longer suffered any physical infirmity as the result of his compensable injury (had a final settlement receipt, approved by the Board, been signed, a different situation could of course have existed), and in view of the claimant's testimony that he was placed on "light" work and could not do heavy work as he had done previously, together with the testimony of the only physician who treated the claimant for his back injury that he rated him with a fifteen percent permanent disability to his back at the time he discharged him in June, 1958 (the month

the claimant first returned to work), and the testimony of the physician who treated the claimant's heart condition that he advised him to take a job with less exertion and that one reason for so advising him to restrict his physical exertion, in addition to the heart condition, was his back condition, a finding that the claimant was still suffering from the compensable injury and that to some extent it caused his loss of earnings was demanded. See *Royal Indem. Co. v. Warren*, 102 Ga. App. 501 (116 SE2d 757); *Clay v. Aetna Cas. &c. Co.*, 102 Ga. App. 498 (116 SE2d 686), and citations. In the latter cited case (p. 500) it was held (another case where after an agreement to pay compensation for an incapacity to labor was approved by the Board and no final settlement receipt signed when the claimant returned to work), "If no final settlement receipt, agreement that no further disability existed as of such date, was executed by the claimant and approved by the board, then the hearing, instead of being one on a change in condition, must be construed to have been one authorized by *Code* § 114-706 where the burden is on the employer to show a change in the claimant's condition. See *General Accident Fire &c. Assurance Corp. v. Teal*, 100 Ga. App. 314 (111 SE2d 113); *National Surety Corp. v. Nelson*, 99 Ga. App. 95 (107 SE2d 718); and *Brazier v. U. S. Fidelity &c. Co.*, 99 Ga. App. 588, 591 (109 SE2d 309)."

The award denying compensation because the claimant had not carried the burden of proof was based on the erroneous theory of law that such burden was on the claimant and the evidence did not authorize a finding that the claimant was no longer suffering any infirmity that resulted in an economic loss. Accordingly, the judgment of the Superior Court affirming the award of the State Board of Workmen's Compensation must be reversed.

*Judgment reversed. Frankum and Jordan, JJ., concur.*