39707. ARMOUR & COMPANY v. YOUNGBLOOD.

DECIDED MARCH 6, 1963—REHEARING DENIED MARCH 25, 1963.

*Whelchel & Whelchel, Hoyt H. Whelchel,* for plaintiff in error.
*G. Gerald Kunes,* contra.

FRANKUM, Judge. The judgment affirming the award of the deputy director did not have the effect contended for by the plaintiff in error. While it affirmed that portion of the deputy director's award which found that the board had no jurisdiction to reopen the case on a change in condition because it was barred by the statute of limitation, all of the other rulings and findings of the deputy director were held to be of no force and effect because the deputy director had exceeded his powers in making those findings. It therefore expressly disapproved the findings of the deputy director to the extent that they could be construed as a denial of the right of the claimant to receive further compensation under the original approved agreement.

The affirmance of the dismissal of the claimant's application for a hearing because it was barred by the statute of limitation was error insofar as it applied to the application considered as one for a change in condition. This is true because under *Code Ann.* § 114-709, the limitation on filing an application for a change in condition does not begin to run until the board is notified that final payment is made, *National Surety Corp. v. Orvin*, 209 Ga. 878 (76 SE2d 705); *Kirkland v. Employers Liab. Assur. Corp.*, 69 Ga. App. 433, 436 (25 SE2d 723), and in this case the board was not notified until August 6, 1959, when the letter transmitting Form 20 was received by the board. The statute ran from August 6, 1959, the date of notice, not April 26, 1959, the date of the last payment reported by the notice. Thus, assuming that the unsigned settlement receipt when transmitted to the board constituted the notice required under *Code Ann.* § 114-709 (but see in this connection *Anglin v. St. Paul-Mercury Indem. Co.*, 106 Ga. App. 395, 398, 126 SE2d 913), it was not received more than two years before the application for a hearing, which was treated as one for a change in condition, was made, and the statute had not run so as to bar such an application at that time.

The error of the judge in affirming the award of the deputy director in this regard is, however, immaterial, because with respect to all the other findings and holdings of the deputy director his judgment therein was that the deputy director exceeded his powers. He thus reversed the deputy director insofar as his award had the effect of holding that the claimant was not entitled to receive any more compensation under the original approved agreement. In so ruling the trial judge was correct.

"It has been well settled by the decisions of this court, and there should now be no misunderstanding of the fact on the part of employers and insurance companies, that when a [compensation] agreement recites that payments are to be made 'until terminated in accordance with the provisions of the Workmen's Compensation Law,' this means that no employer, and no insurance company, can voluntarily and ex parte decide to cease paying the employee, regardless of how well founded its claim may be as a matter of fact, unless and until it is able to produce one

of the following three instruments: (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement approved by the board; (2) evidence that the statutory amount, or the amount called for under the agreement, has been paid in full, or (3) an order of the board changing or allowing discontinuance of the compensation. If the parties cannot agree, and if the employer for any reason feels that no further compensation should be paid, the employer should then make application for a hearing based on change of condition and show such fact; otherwise, it will be liable under the original agreement or award until the statutory amount has been paid in full or unless the award is altered by the Board of Workmen's Compensation, in which case the employer is liable under the original award or agreement until the date provided by such subsequent award. *National Surety Corp. v. Nelson,* 99 Ga. App. 95 (2) (107 SE2d 718); *General Accident Fire &c. Corp. v. Teal,* 100 Ga. App. 314 (111 SE2d 113)." *American Cas. Co. v. Herron,* 102 Ga. App. 658, 659 (1), 660 (117 SE2d 172).

One of the contentions of the plaintiff in error is that the judgment affirming the deputy director did not have the effect which we give it, but that it was contrary to the judgment for overdue payments under the original award, and as such was res judicata as to the rights of the claimant and being unappealed from would bar the entry of such subsequent contrary judgment. This contention is not meritorious. It is firmly established in this State that a judgment of a court of competent jurisdiction, which is not based on a jury verdict, remains in the breast of the court and may be modified, altered, set aside, or vacated during the same term at which it was rendered by the court, either on motion of a party or on the court's own motion and with or without notice to either party. *Dover v. Dover,* 205 Ga. 241 (1) (53 SE2d 492); *Shivers v. Shivers,* 206 Ga. 552 (2) (57 SE2d 660). The original judgment affirming the award of the deputy director in part was entered on April 3, 1962, which was within the March term of the Tift Superior Court. This term began on the first Monday in March. The judgment excepted to was rendered on May 10, 1962, and, since no order adjourning the March term of the court appears in the record, it will be presumed that May 10,

1962, was within the same March term, *Dover v. Dover,* supra, hn. 2; *Shivers v. Shivers,* supra, hn. 1, which did not end by operation of law until five days before the first Monday in June. *Code* § 24-3010. It was within the power of the judge, upon application of the foregoing principles, to vacate, modify, or set aside his former judgment rendered at the same term, if it became necessary to do so in the furtherance of justice, and if there is a conflict between the two judgments, the latter will prevail. The latter judgment, if it did not expressly do so, by implication superseded the former judgment, and since it was a correct one, it must prevail over the former. Johnson v. Hesser, 61 Neb. 631 (85 NW 894); Wells v. Stonerock (Tex. Civ. App.) 1 SW2d 425; and see *Sheraton Whitehall Corp. v. McConnell,* 88 Ga. App. 725, 731 (77 SE2d 752).

In conclusion, when due consideration is given to the record which the judge had before him at the time he entered the final judgment, there was outstanding an approved agreement to pay compensation which had not been modified or set aside in any of the ways prescribed by law, and the judge was authorized to enter a judgment for the claimant in the amount shown to be due. *Code* § 114-711; *Taylor v. Woodall,* 183 Ga. 122, 126 (187 SE 697). Whether or not the employer is entitled to any credit for wages paid to the employee subsequent to the original award is not presented by any assignment of error on this appeal. See *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (2), 371 (126 SE2d 909).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*