62976, 62977. BENNETT et al. v. McGINTY; and vice versa.

DEEN, Presiding Judge.

As of January 1, 1978, these parties, doctors sharing clinic facilities, entered into an Expense Sharing Agreement replacing an earlier one under which they had been operating for the three previous years. The new agreement had certain provisions in case of withdrawal of any one of the six participants, including a stipulation that the value of the clinic property was $225,520.65 or $37,586 each, owned equally by the participants as tenants in common, to be repurchased by the clinic upon the withdrawal of any member. At the time of adoption of this contract appellees bought into the firm by paying an outgoing member $37,586 and another bought in by paying each of the other five $7,517.35. In December, 1978, Dr. McGinty gave notice in accordance with the new agreement that he would retire in twelve months, and he actually did so on December 31, 1979. After two written demands for payment of $37,586 were unmet Dr. McGinty brought an action for this amount, which he was awarded following a bench trial. The main appeal is from this judgment. The cross appeal seeks interest from April 1, 1980, to May 27, 1981, the date of judgment.

1. The 1978 agreement between these parties specified in paragraph 8 the total value of the clinic property, as per an attached list, to be $225,520.65 "and that said total value shall remain

$225,520.65 . . . until the 31st day of December, 1978." A formula for changing value, beginning on January 1, 1979, was also stipulated, but the "new value specified cannot be less than $225,520.65, and each individual party's interest therein shall not be less than $37,586.78." Paragraph 9 stipulates that a party electing to withdraw from the group "hereby agrees to sell his interest in the equipment to the remaining parties . . . on the first day of the month in which his withdrawal occurs, and the remaining parties hereby agree to purchase the withdrawing party's interest in the equipment at said price . . . in no event later than 90 days from the date of withdrawal." No modification of this contract is to operate as a waiver of any term "unless in writing signed by all the parties thereto" under paragraph 20. Voluntary withdrawal by a member is accomplished upon written notice to the remaining parties 12 months before the effective date thereof.

(a) The argument that the State Court of Fulton County has no jurisdiction of this case because "appellants have never accepted appellee's interest in the clinic assets" is without merit. This is not an equity suit but a straightforward breach of contract action in that the plaintiff appellee, having given the one-year required notice prior to January 1, 1979, and prior to any unanimous modification of this provision of the contract was by its terms entitled to receive as the value of his interest "not less than $37,586.78." "Where the essentials of a contract are present and no rule of law appears to have been transgressed, the courts are powerless to interfere . . ." *Aspironal Laboratories v. Rosenblatt,* 34 Ga. App. 255, 256 (4) (129 SE 140) (1925). Under the provisions acceptance and payment on the part of the clinic members when the withdrawing member gives proper notice is required by the contract as written and no equitable action for specific performance is necessary, there being an adequate remedy at law in an action for damages. *Black v. American Vending Co.,* 239 Ga. 632 (238 SE2d 420) (1977).

(b) Dr. McGinty gave written notice to his associates on December 20, 1978, under the agreement of January 1, 1978, that he was leaving the clinic between December 31, 1979, and January 31, 1980, thus complying with paragraph 6 of the 1978 agreement requiring a withdrawing member to give at least 12 months notice before the effective date of withdrawal. He actually withdrew on December 31. He was accordingly entitled to the agreed value of his interest on retirement and under no construction of the contract would it be necessary for him to prove the market value of that interest as contended. The 1979 modification made certain changes in the manner of sharing operating expenses but neither deleted nor changed the duties devolving upon the contracting parties upon the

retirement of one of them. That circumstance was in fact foreseen when the 1978 instrument was signed and all parties agreed that the value sued for here could not be changed by less than unanimous action. The present action is therefore a straightforward suit for damages for breach of contract in an amount settled at the time of the 1978 agreement. The appellants are inaccurate in referring to an oral interim adoption of certain month-to-month cost-sharing formulae at a business meeting dated July 11, 1979, and titled "Amendments to Agreement to Share Expenses" as a new agreement. In the first place, it made no mention of the procedure to be followed on withdrawal of a member. In the second place, it was not unanimously adopted in any event. In the third place, Dr. McGinty's rights vested under the January, 1978, agreement when he gave the required twelve-month notice specified therein and were actuated when he in fact retired at the end of the year. Any question as to whether a mistake of fact was made in the valuation of facilities was one for decision by the trial court, who made no finding reflecting on the accuracy of the agreed figure of $37,586.78. Lastly, there is no evidence that the plaintiff when he left deprived the clinic of any property listed in the 1978 agreement as owned by the doctors as tenants in common. Accordingly, the judgment in case no. 62976 is without error.

2. The cross appeal seeks recovery of interest for the period between April 1, 1980, and May 27, 1981, the date of the judgment, "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them." Code § 57-110. A demand is liquidated when it is rendered certain what is due and how much is due. *Galanti v. Emerald City Records, Inc.,* 144 Ga. App. 773 (242 SE2d 368) (1978). It may be an amount fixed and certain by agreement between the parties. *National Surety Corp. v. Orvin,* 209 Ga. 878, 880 (76 SE2d 705) (1953). The 1978 agreement rendered certain the amount to be owed by the clinic to a retiring member. ("If the parties hereto do not specify said value on the first day of January, 1979, and each year thereafter, the value then in effect shall continue until such time as all parties hereto do unanimously consent to a change in value." 1978 Agreement, paragraph 8.) It also rendered certain the time of payment. ("The parties purchasing said withdrawing party's interest in said equipment shall pay the purchase price to the withdrawing party as soon as reasonably possible after the date of said withdrawal, but in no event later than 90 days from the date of withdrawal." 1978 agreement, paragraph 9.) The demand was liquidated and the sum due 90 days after the plaintiff left; that is, on April 1, 1979. It was not paid. Accordingly, interest was owing and should have been included from April 1, 1979,

until the judgment was rendered.

*Judgment affirmed in case no. 62976. Judgment reversed in case no. 62977 with direction that an amount be added for interest as set out in Division 2 hereof. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 4, 1981.

*William H. Boice,* for appellants.
*E. Lewis Hansen,* for appellee.